IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBORAH J. GASPARI, | ) |
|       Plaintiff, | ) |
| v. | ) No. 08 C 549 |
| ADVOCATE HEALTH AND HOSPITALS CORPORATION, | ) Judge Kendall |
|  | ) Magistrate Judge Valdez |
|       Defendant. | ) |

## MOTION TO DISMISS

NOW COMES Defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION, (hereinafter referred to as "Advocate") by and through its attorneys, Jill A. Cheskes and Lawrence R. Smith of SmithAmundsen LLC, and moves to dismiss a portion of Count III of Plaintiff's Complaint pursuant to 12(b)(6) and moves to strike certain portions of Plaintiff's Complaint pursuant to 12(f).[1]  In support thereof, Advocate states as follows:

## PROCEDURAL BACKGROUND

On January 24, 2008, Plaintiff filed the instant action alleging violations of the FMLA and the ADA.  On January 31st, 2008, Plaintiff sent a Notice of Lawsuit and Request for Waiver of Service of Summons to Advocate, which was returned by Advocate's counsel on or around February 28, 2008.  This motion is being filed within 60 days of the service of the Request for Waiver of Service of Summons.

## INTRODUCTION

Plaintiff has filed a four-count complaint in this action alleging: (1) Interference with Rights under the FMLA; (2) Retaliation under the FMLA; (3) Violations of the ADA, including both failure to accommodate and discrimination under the ADA; and (4) Constructive Discharge

---

[1] Advocate is simultaneously filing an Answer to the remaining counts.

under the ADA. Advocate is moving to dismiss Plaintiff's claim for failure to accommodate under the ADA as she never filed a charge of discrimination alleging failure to accommodate and thus has failed to exhaust her administrative remedies. Alternatively, Advocate is seeking to dismiss the failure to accommodate claim, or seeks a more definite statement, as Plaintiff has failed to plead any facts related to the claim.

Additionally, certain paragraphs of Plaintiff's complaint contain allegations of age discrimination and gender discrimination, presumably inadvertently, and Defendant moves to strike and/or dismiss those allegations as plaintiff has never filed a charge of discrimination alleging either gender or age discrimination and thus has failed to exhaust her administrative remedies.

## **ARGUMENT**

Under the ADA, a plaintiff has the same procedural prerequisites as a case brought under Title VII. 42 U.S.C. §12117(a). Thus, an ADA plaintiff must file a timely charge of discrimination with the EEOC, must receive a notice of right to sue from the EEOC and then has 90 days to file suit. 42 U.S.C. §2000e-5(b), (e), (f) and (f)(1). A plaintiff is barred from raising a claim in district court that was not raised in her EEOC charge unless the claim is reasonably related to a charge that was filed and can be expected to develop from an investigation into the charges actually filed. _Green v. National Steel Corporation_, 197 F.3d 894, 898 (7th Cir. 1999).

A copy of the only charge filed by Plaintiff is attached to this motion as Exhibit A.[2] Plaintiff's charge states:

> "I began my employment with Respondent in August 1991. My last position was Licensed Practical Nurse. On or about February 15, 2007 I was placed on a Performance Deficiency plain for a 90-day period. On or about March 2, 2007, I was constructive [sic] discharged from employment.

---

[2] An EEOC charge attached to a motion to dismiss that is referenced in the complaint and is central to the complaint is appropriately considered in a motion to dismiss. _Davis v. Central Can Company_, 2006 U.S.Dist.LEXIS 58962, *13-14 (N.D. Ill. 2006). (A copy of this case is attached hereto as Exhibit B)

>I believe I have been discriminated against because of disability in violation of the Americans with Disabilities Act of 1990."

Plaintiff indicated on her charge that the earliest date discrimination took place was 2-15-2007 and the latest was 3-02-2007. Nowhere on the charge does Plaintiff allege that she requested a reasonable accommodation, that she was denied a reasonable accommodation or that she felt Advocate failed to accommodate her disability in violation of the Americans with Disabilities Act. Nowhere in the charge does Plaintiff allege that she was discriminated against based upon her gender or her age. "Disability" was the only type of discrimination that plaintiff checked on the charge. (Exhibit A) Plaintiff signed the charge on March 2, 2007 under penalty of perjury.

1.   **Plaintiff's Allegations Regarding Gender and Age Discrimination Must be Stricken**

In paragraphs 27 and 28 of Plaintiff's Complaint, she raises allegations that she was discriminated against based upon her age and gender in violation of Title VII and the ADEA. As identified above, Plaintiff never filed a charge of discrimination claiming either age or gender discrimination. Advocate is assuming that this is simply a typographical error on Plaintiff's part as she does not have a count in her Complaint alleging either gender or age discrimination. Nor could she as she has never filed a charge alleging either type of discrimination. As such, the allegations contained in paragraphs 27 and 28 relating to age and gender discrimination should be struck and/or dismissed pursuant to Fed. R. Civ. P. 12(b)(6) or 12(f).

2.   **Plaintiff's Allegations Regarding Failure to Accommodate Should Be Dismissed**

In Count III of Plaintiff's Complaint, she alleges that on or about February 2007, Advocate violated 42 U.S.C. § 12112(b)(5)(A), concerning reasonable accommodation, and further alleges that Advocate:

>"refused to make reasonable accommodations to the known disability of the Plaintiff, and forced the Plaintiff from her position of employment after such refusal to, and because of the need to, [sic] make reasonable accomodation to her known disability, and/or Plaintiff was able to perform the duties of his [sic] job without the need for accomodation, but Defendant discriminated against her in the terms and conditions of her employment due to her disability." (Cplt ¶ 42)

Thus, it is clear from Plaintiff's Complaint that she is alleging that on or about February 2007, Advocate failed to accommodate her in violation of the ADA. Nowhere in Plaintiff's Complaint does she allege that she requested an accommodation but more importantly, Plaintiff's EEOC charge does not contain any allegations regarding an alleged failure to accommodate claim. As such, Plaintiff cannot raise this issue for the first time before this Court.

Plaintiff's charge, on its face, does not allege any failure to accommodate thus the inquiry is whether the claim is reasonably related to the EEOC charge and can be expected to develop from an investigation into the charges actually raised, i.e. discriminatory treatment under the ADA. *Green v. National Steel Corporation*, 197 F.3d 894, 898 (7th Cir. 1999). The Seventh Circuit has answered this question in the negative:

> "As we have stated previously, a failure to accommodate claim is separate and distinct from a claim of discriminatory treatment under the ADA. In fact, the two types of claims are analyzed differently under the law. Therefore, they are not like or reasonably related to one another, and one cannot expect a failure to accommodate claim to develop from an investigation into a claim that an employee was terminated because of a disability." *Id*.

In *Green*, the plaintiff filed a charge of discriminatory treatment under the ADA related to her termination. When she filed her complaint in federal court, she added claims that her employer failed to accommodate her disability by providing her with inadequate working conditions, i.e. a suitable desk and appropriate lighting. The Seventh Circuit flatly rejected plaintiff's attempts to argue that the reasonable accommodation claim was reasonably related.

The district courts have gone beyond the Seventh Circuit's holding and not limited it to cases only involving terminations. In *Davis v. Central Can Company*, 2006 U.S. Dist.LEXIS 58962 (N.D.Ill., J. Gettleman, 2006), the plaintiff had filed several charges against his employer alleging discriminatory treatment, harassment and retaliation all based upon his disability. *Id*. at *3. Judge Gettleman held that:

> "Neither plaintiff's original nor amended Charge includes a claim of failure to

4

accommodate his alleged disability, and nothing in the Charge is like or reasonably related to a failure to accommodate claim.  The Charge is devoid of any indication that plaintiff requested an accommodation, or was denied an accommodation, or any allegation that could potentially demonstrate defendant's failure to accommodate plaintiff." _Id_. at *15-16. (citations omitted)

Additionally, in the case of <u>Burke v. Ethyl Petroleum Additives, Inc</u>., 259 F.Supp.2d 726 (S.D.Ill. 2005), the plaintiff failed a lengthy charge of discrimination.  However, the Court noted that:

"…nowhere in it does Burke state that Defendant failed to accommodate his disability.  Moreover, nowhere in his EEOC charge does Burke mention any actions or inactions taken by Defendant related to his disability or when they occurred so as to demonstrate their failure to accommodate Burke.  Further, Burke's charge is completely devoid of any requests he made for accommodation. Moreover, the only date mentioned in the charge is Burke's date of termination. Nothing in Burke's charge places Defendant on notice of a failure to accommodate charge.  As such, the Court finds that any claim for failure to accommodate in Count One must be dismissed as it is not reasonably related to the wrongful termination claim." _Id_. at 730.  (citations omitted)

<u>Green</u> has also been found to preclude reasonable accommodation claims in cases involving constructive discharge claims when not raised in the EEOC charge.  In <u>Morin v. La Petite Academy</u>, 2001 U.S.Dist.LEXIS 18387 (S.D.Ind. 2001) (a copy of the case is attached hereto as Exhibit C), the Court held that <u>Green</u> was dispositive and the fact that a failure to accommodate claim was not included in the charge precluded the plaintiff from raising it in the district court.  _Id_ at *15.

Additionally, in <u>Schipper v. Tom Hovland Enterprises, Inc.</u>, 2005 U.S.Dist.LEXIS 40109, (N.D.Iowa 2005) (a copy of this case is attached hereto as Exhibit D), the plaintiff claimed disability discrimination, harassment and constructive discharge as well as failure to accommodate.  The Court noted that his charge "gives no hint that he attempted to pursue such a 'failure to accommodate" claim in the administrative process." _Id_. at 8. The Court also noted that in addition the to Seventh Circuit in <u>Green</u>, both the Tenth and Sixth Circuits have held that a failure to accommodate claim is not reasonably related to

5

and does not reasonably grow out of the investigation of a disability discrimination claim. *Id*. at *8 citing *MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005) and *Jones v. Sumser Retirement Village*, 209 F.3d 851, 853-54 (6th Cir. 2000).

The Court dismissed the failure to accommodate claim finding no contrary authority to that cited above and noting that the failure to accommodate claim was not properly before it since it fell outside the scope of the charge and was not administratively exhausted. *Id*. at *9.

Since *Schipper* another Circuit court has considered the issue and followed the Sixth, Seventh and Tenth Circuits in ruling that "…failure to accommodate and disparate treatment represent distinct categories of disability discrimination under the ADA. The EEOC could not reasonably have been expected, when presented with a claim alleging disparate treatment arising on August 29, 2003 to investigate the entirely distinct failure-to-accommodate claim arising from January 2003 through June of 2003." *Hamar v. Ashland, Inc*., 211 Fed.Appx. 309, 310 (5th Cir. 2006)(A copy of this case is attached hereto as Exhibit E)

The Seventh Circuit holding in *Green* controls this case. Plaintiff failed to allege any failure to accommodate claim, any suggestion that she requested an accommodation and was denied or any suggested that she needed any accommodation that was not given or in any other way raise a failure to accommodate in her administrative charge. (Exhibit A) The Seventh Circuit's holding is very clear that a failure to accommodate claim is separate and distinct from a disparate treatment claim and the two claims are not reasonably related.[3] *Green*, supra at 898. Accordingly, Plaintiff's claim for failure to accommodate must be dismissed, with prejudice, as it is not properly before this Court as

---

[3] Advocate acknowledges that Judge Lefkow ruled contrarily in *Mudgett v. Centegra Health System, Inc.*, 2006 U.S.Dist.LEXIS 46277 (N.D.Ill. 2006). However, the *Green* holding is controlling precedent and is shared by the

6

Plaintiff failed to exhaust her administrative remedies.

**3.     Plaintiff Has Not Even Properly Pled Failure to Accommodate**

In addition and in the alternative to the arguments raised above, the failure to accommodate claim should be dismissed as it has not been properly pled in the Complaint. Count III of Plaintiff's Complaint alleges in conclusory fashion that "[o]n or about February 2007, Defendant engaged in unlawful employment practices…because it refused to make reasonable accommodations to the known disability of the Plaintiff and forced the Plaintiff from her position of employment after such refusal to, and because of the need to, [sic] make reasonable accommodation." (Cplt ¶ 42)

Nowhere in Plaintiff's Complaint does she ever allege any facts that establish that in February 2007 she actually requested an accommodation, needed an accommodation, was denied an accommodation or failed to receive an accommodation. Advocate has o idea of the basis of this claim as it was never presented in the charge and is not pled in the Complaint. While notice pleading is sufficient under the Federal Rules, plaintiffs must still allege facts, even if only the "bare minimum facts," which provide an adequate basis for each claim. *Martin v. Kurtovich*, 2007 U.S.Dist.LEXIS 39461, *2-*3 (N.D.Ill. 2007) (A copy of this case is attached hereto as Exhibit F).

Plaintiff's complaint should be dismissed or, in the alternative, Plaintiff should be required to plead her failure to accommodate claim with a more definite statement pursuant to Fed. R. Civ. P. 12(e). Plaintiff has alleged no facts to establish this claim and it is, therefore, deficient.

WHEREFORE Defendant, Advocate Health & Hospitals Corporation, moves to strike the references to age and gender discrimination, if inadvertently included, or to dismiss them if intentionally included as they are not properly before this Court; moves to

---

three other Circuits who have addressed the issue.

dismiss the claim for failure to accommodate as it is not properly before this Court; and, in the alternative, moves to dismiss the failure to accommodate claim for failure to state a claim or for more specificity, due to the failure to allege any facts in support of the claim, and for any other relief that the Court deems appropriate.

                                              Respectfully Submitted,

                                              BY:  /s/ Jill A. Cheskes
                                                       One of the Attorneys for Advocate

Jill A. Cheskes
Lawrence R. Smith
SmithAmundsen, LLC
150 N. Michigan Avenue, Suite 3300
Chicago, IL 60601
(312) 894-3200