IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBORAH J. GASPARI, ) | |
| ) | |
| Plaintiff, ) | **Case No.** 08 C 549 |
| ) | |
| v. ) | Honorable Judge Virginia Kendall |
| ) | Judge Presiding |
| ADVOCATE HEALTH AND HOSPITALS ) | |
| CORPORATION, ) | Magistrate Judge Valdez |
| ) | |
| Defendant. ) | |
| ) | **JURY DEMANDED** |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION
### TO DEFENDANT'S MOTION TO DISMISS

**NOW COMES** Plaintiff, Deborah J. Gaspari, by and through her attorney Charles Siedlecki, and responding in opposition to Defendant Advocate Health and Hospitals Corporation's motion to dismiss a portion of Count III of Plaintiff's Complaint, and states as follows:

### *HISTORY*

On January 24, 2008, Plaintiff, Deborah Gaspari ("Gaspari") a former employee filed suit against defendant Advocate Health and Hospitals Corporation ("Advocate") her former employer, alleging violations of the American with Disabilities Act (ADA), 42 U.S.C.S. § 12101 et seq., and the Family Medical Leave Act of 1993 (FMLA), 29 U.S.C.S. § 2601 et seq. Count III of Gaspari's complaint alleges violations of the ADA. The Defendant Advocate has moved under Fed. R. Civ. P. 12(b)(6) to dismiss a portion of Count III of Gaspari's ADA claim for failure to exhaust administrative remedies. Defendant's motion fails because the charging documents filed

the same day as the formal charge by Ms. Gaspari make clear that she intended the administrative agency investigate and pursue a claim for denial of reasonable accommodation and retaliation.

## *STANDARD*

When reviewing a motion to dismiss under Rule 12(b)(6), the court merely looks at the sufficiency of the complaint, Autry v. Northwest Prem. Services, Inc., 144 F.3d 1037, 1039 (7th Cir. 1998); it does not decide whether the plaintiff has a winning claim. Herdrich v. Pegram, M.D., 154 F.3d 362, 369 (7th Cir. 1998). Accordingly, "[a] complaint may not be dismissed unless 'it is impossible to prevail under any set of facts that could be proved consistent with the allegations.'" Moriarty v. Lewis Funeral Directors, Ltd., 150 F.3d 773, 777 (7th Cir. 1998) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984)); see also Marshall-Mosby v. Corporate Receiv., Inc., 194 F.3d 830, 1999 U.S. App. LEXIS 25709, 1999 WL 825421, at *2 (7th Cir. 1999) ("Dismissal under Rule 12(b)(6) is proper only where the plaintiff [*10] can prove no set of facts that would entitle him to relief."). The court "must look to see whether there is any possible interpretation of the complaint under which it can state a claim." Martinez v. Hooper, 148 F.3d 856, 858 (7th Cir. 1998); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) ("At this stage, the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint."). "Complaints need not plead law or match facts to every element of a legal theory . . . ." Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998). "Matching facts against legal elements comes later." Sanjuan, 40 F.3d at 251. The court will deny a Rule 12(b)(6) motion to dismiss where the defendant merely "attempts to nit-pick the complaint to death." LaSalle v. Medco Research, Inc., 54 F.3d 443, 447 (7th Cir. 1995).

*ARGUMENT*

**I.      Reasonable Accommodation - Scope of the EEOC Charge**

Defendant's motion must be denied because it proceeds from a false premise. Defendant's argument would have merit "if" the only document filed with the EEOC were the formal charge. Were that the case then Green v. National Steel Corporation, 197 F. 3d 894 (7th Cir. 1999) would be controlling as argued by Defendant. However, on the same day Plaintiff received her formal charge form she also filed charging documents outlining her claims for the administrative agency - Equal Employment Opportunity Commission ("EEOC") to investigate.

Defendant urges the court to ignore case law related to these additional documents and narrow its view to the formal charge form given to Plaintiff - a layperson.  Such is not in keeping with 7th Circuit and Supreme Court precedent. Fed. Express Corp. v. Holowecki, 128 S. Ct. 1147 (U.S. 2008); Cheek v. Western and S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994).

Defendant bases its' motion on the fact that the words "denial of reasonable accommodation" are not set forth in the formal charge form put together by the Equal Employment Opportunity Commission ("EEOC") intake officer.  Defendant overlooks certain facts in advancing its argument, specifically; (1) Ms. Gaspari, is not an attorney and was not represented by counsel when the filing of the EEOC charge was made: (2) Ms. Gaspari, in her own hand, submitted an EEOC intake form and 5 page affidavit/charging statement, signed, dated and submitted the same day as her formal charge was processed, those charging documents clearly indicate to the EEOC that she had sought a reasonable accommodation for her disability, was denied that and that she suffered retaliation.  This document also indicates discrimination based upon sex. *(See Exhibit 1,  p 4 of 6 -  ¶ 4 and p 5 of 6 - ¶ 10).*

Prior to initiating suit a plaintiff must first file a timely charge of employment discrimination with the EEOC that encompasses the conduct complained of and subsequently must receive a statutory notice of right to sue from the EEOC. See 42 U.S.C. § 2000e-5(e) (f); Alexander v. Gardner-Denver Co., 415 U.S. 36, 47, 94 S. Ct. 1011, 39 L. Ed. 2d 147 (1974); Cheek v. Western and S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994); Babrocky v.Jewel Food Co., 773 F.2d 857, 863 (7th Cir. 1985).

Therefore, as a general rule, a Title VII plaintiff cannot bring a claim in a lawsuit that was not encompassed in the EEOC charge. Cheek, 31 F.3d at 500 (*citing* Alexander, 415 U.S. at 47). The ADA adopts the same procedural prerequisites as Title VII. See 42 U.S.C. § 12117(a).

However, because EEOC charges are often completed by lay-persons, a Title VII plaintiff need not allege each and every fact in the charge that, in the aggregate, form the basis of the claims in the complaint. Cheek, 31 F.3d at 500; Babrocky, 773 F.2d at 865-66 (holding that it is an error for a court to require an exact correspondence between the words of an EEOC charge and the contents of a Title VII complaint and that EEOC charges are to be construed with "utmost liberality"). The Civil Rights Act is designed to protect those who are least able to protect themselves. Complainants to the EEOC are seldom lawyers. To compel the charging party to specifically articulate in a charge filed with the Commission the full panoply of discrimination which he may have suffered may cause the very persons Title VII was designed to protect to lose that protection because they are ignorant of or unable to thoroughly describe the discriminatory practices to which they are subjected. . . Jenkins v. Blue Cross Mut. Hosp. Ins., 538 F.2d 164 (1976), 167-68 (7th Cir.1976). If the body of the text of the complaint clearly suggests a particular claim, it may proceed even though the appropriate box may not be checked.

Wiggen v. Leggett & Platt, Inc., 2004 U.S. Dist. LEXIS 2797, No. 03 C 1986, [*650] 2004 WL 524449, *3-4 (N.D. Ill. Feb. 23, 2004). Courts should not impose strict technical standards on EEOC charges filed by non-lawyers. Kause v. Alberto-Culver Co., 1999 U.S. Dist. LEXIS 14756 (D. Ill. 1999) Gottschall, J

Allegations outside the body of the charge may be considered when it is clear that the charging party intended the agency to investigate the allegations. See Cheek, 31 F.3d at 502, citing Rush v. McDonald's Corp., 966 F.2d 1104, 1110-11 (7th Cir. 1992) (plaintiff's handwritten "EEOC Affidavit" submitted the same day as her EEOC charge) and Box v. A & P Tea Co., 772 F.2d 1372, 1375 (7th Cir. 1985) (handwritten additions to typed charge). A later case is Sickinger v. Mega Systems, Inc., 951 F. Supp. 153, 157-58 (N.D. Ind. 1998) (Charge Questionnaire, filled out the same day as the charge was filed, under particular circumstances where the employer could not claim surprise at the claim stated fully in the questionnaire, but not in the charge): Jackson v. Local 707, Int'l Bhd. of Teamsters, 2002 U.S. Dist. LEXIS 4908, No. 95 C 7510, 2002 WL 460841, at *3 (N.D. Ill. Mar. 26, 2002)[1] (allowing a claim of racial harassment based on remarks in an EEOC questionnaire and misrepresentations by EEOC representative that the claim would be investigated); Finley v. Ill. Dep't of Public Aid, 1998 U.S. Dist. LEXIS 474, No 97 C 3381, 1998 WL 26156, at *6 (N.D. Ill. Jan. 12, 1998) (allowing a claim of racial discrimination based on information contained in an intake question and statements made to an EEOC intake worker). *See also*, Vela v. Village of Sauk Village, 218 F.3d 661; 2000 U.S. App. LEXIS 14477 (7th Cir. 2000)

---

[1] Case law cited to by reference to electronic database only are attached hereto as exhibits for the convenience of the Court.

In all of the above examples, the outside allegations were in writing and submitted to the administrative agency for investigation but were not within the "four corners" of the formal charge. As is true of the case now before this Court.  Moreover, the United States Supreme Court has recently held, in a 7-2 opinion authored by Justice Kennedy, "intake questionnaire" and accompanying affidavit submitted to the EEOC constituted a "charge" of discrimination for purposes of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"). Fed. Express Corp. v. Holowecki, 128 S. Ct. 1147 (U.S. 2008).

In assessing the scope of an Equal Employment Opportunity Commission charge, a court may consider a plaintiff's statements in a sworn affidavit that she filed in support of the charge Fed. Express Corp. v. Holowecki, 128 S. Ct. 1147 (U.S. 2008). Cheek v. Western and S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994); Babrocky v.Jewel Food Co., 773 F.2d 857, 863 (7th Cir. 1985); Vela v. Village of Sauk Village, 218 F.3d 661; 2000 U.S. App. LEXIS 14477 (7th Cir. 2000). Mudgett v. Centegra Health Sys., 2006 U.S. Dist. LEXIS 46277 (D. Ill. 2006). Lefkow, J.

In Mudgett the Defendant health care agency sought dismissal of an ADA count because it was not set froth in the formal charge.  The Defendant in Mudgett, as in the present case relied upon the ruling in Green v. National Steel Corp., 197 F.3d 894, 898 (7th Cir. 1999), for the statement that the court must dismiss where a failure to accommodate claim was not mentioned in the formal EEOC charge. However, as Judge Lefkow noted, the Green opinion does not describe the charge beyond stating that the charge made no reference to facts alleged in plaintiff's complaint. No outside documents were considered or present in Green. Judge Lefkow goes on to note that considering the documents filed along with the formal charge, it is plain that Mudgett was attempting to make a reasonable accommodation claim.  The same is true here. Therefore,

Defendant's Motion to Dismiss Plaintiff reasonable accommodation claim under the ADA must be denied.

**II.     Plaintiff's Allegations to Age and Gender Discrimination**

Although Plaintiff indicates in her EEOC charging documents that she believed she was discriminated against because of sex. Neither sex nor age discrimination are intended in this action nor are the supporting statutes cited to. Plaintiff requests this Honorable Court grant leave to amend the pleadings to correct this error in the paragraph referred to.

**III.    Federal Pleading Requirements - Notice Pleading**

As the Supreme Court has stated <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 122 S. Ct. 992, 995, 152 L. Ed. 2d 1 (2002), and the 7th Circuit has held time and again, there is no requirement in federal suits of pleading the facts or the elements of a claim. <u>Higgs v. Carver</u>, 2002 U.S. App. LEXIS 5617, No. 01-1559, 2002 WL 481227 at *2 (7th Cir. Apr. 1, 2002), and <u>Beanstalk Group, Inc. v. AM General Corp.</u>, 283 F.3d 856, 2002 WL 406985, at *6 (7th Cir. 2002).

Plaintiff sets forth the nature of her disability, that it was known to Defendant, that Defendant denied her a reasonable accommodation of that disability and that as a result she suffered a negative/adverse job action. (Plt's Compl. ¶¶ 13, 14, 15, 41, 42, 46, 47) The Supreme Court has stated that "heightened pleading standard in employment discrimination cases conflicts with Federal Rule of Civil Procedure 8(a)(2) …." <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512, 152 L. Ed. 2d 1, 122 S. Ct. 992 (2002).

Since Defendant is obviously aware of the claim and on notice sufficient to move against it the present complaint meets federal pleading requirements. Should this Honorable Court

require Plaintiff to set forth additional facts related to her claims Plaintiff requests leave to do so.

**WHEREFORE** Plaintiff respectfully requests this Honorable Court deny Defendant's Partial Motion to Dismiss and grant Plaintiff leave to file an amended complaint to correct the inadvertant errors as specified herein.

        Respectfully submitted,

        /s/ Charles Siedlecki

Charles Siedlecki and Associates, P.C.
10540 South Western Avenue - Suite 405
Chicago, Illinois 60643
(773) 881-2535