LEXSEE 1998 U.S. DIST. LEXIS 474


Cited
As of: Apr 13, 2008

**TYRONE FINLEY, Plaintiff, v. ILLINOIS DEPARTMENT OF PUBLIC AID, Defendant.**

No. 97 C 3381

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

*1998 U.S. Dist. LEXIS 474*

**January 9, 1998, Decided
January 12, 1998, Docketed**

**DISPOSITION:** [*1] Department's motion to dismiss the complaint denied.

**LexisNexis(R) Headnotes**

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
*Labor & Employment Law > U.S. Equal Employment Opportunity Commission > Time Limitations > General Overview*
[HN1] Title VII plaintiffs must satisfy certain administrative requirements before bringing a claim in a federal district court. First, a Title VII plaintiff must file a charge with the Equal Opportunity Commission (EEOC) encompassing all claims the plaintiff may eventually raise in court. Second, the EEOC charge must be filed within 180 days of the discriminatory action. *42 U.S.C.S. § 2000e-5(e)(1)*. Third, the plaintiff must receive a right-to-sue letter. *42 U.S.C.S. § 2000e-5(f)(1)*. Fourth, the plaintiff must file a complaint in court within 90 days of receiving the right-to-sue letter.

*Civil Procedure > Summary Judgment > Standards > Genuine Disputes*
*Civil Procedure > Summary Judgment > Standards > Materiality*
[HN2] A court may grant summary judgment only if there is no genuine issue of material fact.

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims*
*Civil Procedure > Dismissals > Involuntary Dismissals > Failures to State Claims*
[HN3] A court may dismiss a complaint for failure to state a claim under *Fed. R. Civ. P. 12(b)(6)* if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. The court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the plaintiff.

*Civil Rights Law > General Overview*
*Labor & Employment Law > U.S. Equal Employment Opportunity Commission > Enforcement > General Overview*
[HN4] The Title VII statute merely requires that the claimant be notified of his right to sue. *42 U.S.C.S. § 2000e-5(f)(1)*. The statute does not state that a plaintiff must attach a right-to-sue letter to the complaint.

*Civil Procedure > Summary Judgment > Standards > Genuine Disputes*

*Civil Procedure > Summary Judgment > Standards > Materiality*

[HN5] Summary judgment should be granted when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c)*. The evidence must be considered in the light most favorable to the non-moving party and all inferences must be resolved in that party's favor.

*Civil Rights Law > General Overview*

*Labor & Employment Law > U.S. Equal Employment Opportunity Commission > Enforcement > General Overview*

[HN6] A Title VII plaintiff cannot allege claims that were not included in the Equal Opportunity Commission (EEOC) charge. This rule serves two purposes. First, it permits the EEOC to investigate claims, so that there will be an opportunity, before the plaintiff files suit. to settle the dispute through conference, conciliation and persuasion. Second, it gives the employer notice of the kind of conduct being charged. Nevertheless, this scope requirement is not jurisdictional; it is a condition precedent and subject to equitable considerations. In determining whether a Title VII complaint is within the scope of the EEOC charge, a court must determine whether the complaint is like or reasonably related to the allegations of the charge and growing out of such allegations.

*Civil Rights Law > General Overview*

*Labor & Employment Law > U.S. Equal Employment Opportunity Commission > Enforcement > General Overview*

[HN7] In determining the scope of an Equal Opportunity Commission charge, allegations outside the body of the charge may be considered when it is clear that the charging party intended the agency to investigate the allegations.

**COUNSEL:** For TYRONE FINLEY, plaintiff: Carol Rose Ashley, Michael I Behn, Futterman & Howard, Chartered, Chicago, IL.

Tyrone Finley, plaintiff, Pro se, Chicago, IL.

For ILLINOIS DEPARTMENT OF HUMAN SERVICES, defendant: Wilma Lau Adelman, Teresa Mooney Cullen, Illinois Attorney General's Office, Chicago, IL.

**JUDGES:** JOAN B. GOTTSCHALL, United States District Judge.

**OPINION BY:** JOAN B. GOTTSCHALL

**OPINION**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tyrone Finley ("Finley") has brought this action for race discrimination and retaliation against the Illinois Department of Human Services ("the Department").[1] The Department has moved to dismiss the complaint under *Fed. R. Civ. P. 12(b)(1)*, asserting that this Court lacks subject matter jurisdiction. The Department advances two bases to support its motion. First, it states that this case should be dismissed because "there is no evidence that the EEOC issued a Right to Sue letter to Plaintiff . . . ." Def. Mot. to Dismiss at 2. Second, the Department asserts that the plaintiff's claim of race discrimination is beyond the scope of his EEOC charge. For the reasons explained below, this Court [*2] denies the Department's motion.

> 1   After this suit was filed, the Illinois Department of Public Aid was reconstituted as the Illinois Department of Human Services. *See* 20 ILCS 5/3 and *20 ILCS 1305/80-15(b)*. By agreement, the Illinois Department of Human Services was substituted as defendant for the Illinois Department of Public Aid.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff, Tyrone Finley, is a former employee of the Illinois Department of Public Aid. On January 30, 1995, Finley filed his first EEOC claim against the Department. In December 1995 this claim was resolved by agreement. As part of the settlement agreement, Finley returned to work in January 1996. Within six months of his return, the Department dismissed Finley, claiming that Finley falsified Department documents.

Following his discharge, Finley returned to the EEOC to file his second charge of discrimination. At the time, he was not represented by counsel. In an affidavit attached to his memorandum in opposition to the motion

[*3] to dismiss, Finley states that he told the EEOC intake worker both that the Department had discriminated against him because of his race and that it had terminated him in retaliation for his previous charge. Finley also attached his EEOC intake questionnaire. On the questionnaire, Finley marked a box labeled "race" in response to the question: "cause of discrimination based on (Check appropriate box(es))." He did not mark the box for retaliation. Finley also stated in an attachment to the questionnaire that "I believe that it is race." In response to a question on the intake questionnaire asking him to identify the discriminatory action, Finley stated that "I was back to work buy [sic] ... agreement and they did not stand up to the agreement." Following the meeting with Finley, the intake worker drafted an EEOC charge, which Finley signed. This charge identified retaliation as the sole basis for Finley's discrimination claim.

On January 31, 1997, the EEOC sent Finley a Notice of Right to Sue letter for his second EEOC Charge. Still without legal counsel, Finley filed in this court the complaint that is the subject of this motion. In the complaint, Finley included race discrimination [*4] as a basis for his claim. Although Finley indicated that he received the right-to-sue letter on February 21, 1997, he did not attach the letter to the complaint. After the Department filed this motion, Finley sent a copy of the right-to-sue letter to the Department's counsel and attached the right-to-sue letter to his response in opposition to the motion to dismiss.

**DISCUSSION**

Initially, this court must determine whether the issues raised by the Department may be brought in a *Rule 12(b)(1)* motion to dismiss for lack of subject matter jurisdiction. [HN1] Title VII plaintiffs must satisfy certain administrative requirements before bringing a claim in a federal district court. First, a Title VII plaintiff must file a charge with the EEOC encompassing all claims the plaintiff may eventually raise in court. *Cheek v. Western and S. Life Ins., 31 F.3d 497, 499 (7th Cir. 1994)*. Second, the EEOC charge must be filed within 180 days of the discriminatory action. *42 U.S.C. § 2000e-5(e)(1)*. Third, the plaintiff must receive a right-to-sue letter. *Id. § 2000e-5(f)(1)*. Fourth, the plaintiff must file a complaint in court within 90 days of receiving the right-to-sue letter. *Id.*

[*5] In a case involving the second requirement, the Supreme Court held that "filing a timely charge is not a jurisdictional prerequisite to suit in federal court." *Zipes v. Trans World Airlines, 455 U.S. 385, 393, 71 L. Ed. 2d 234, 102 S. Ct. 1127 (1974)*. Instead, the requirement of filing a timely charge is more like a statute of limitations and is subject to equitable considerations such as waiver or equitable tolling. *Id.* Extending this reasoning, the Seventh Circuit held that requiring that claims in a Title VII suit be within the scope of the EEOC charge is similarly not a jurisdictional prerequisite. [2] *Babrocky v. Jewel Food Co., 773 F.2d 857, 863-64 (7th Cir. 1985)* (citing *Zipes, 455 U.S. at 393*). Instead, limiting a Title VII complaint to the scope of an EEOC charge is better described as a "condition precedent." *Id. at 864*. Thus, a Title VII defendant cannot properly challenge a plaintiff's purported failures to comply with administrative requirements in a 12(b)(1) motion. As stated by the court in *Babrocky*, "the district court's decision to dismiss those parts of the plaintiffs' Title VII allegations supposedly not included in the EEOC charge should [*6] have resulted in partial summary judgment, not dismissal." *Id.*

> 2  The Department states in its reply brief that "the Seventh Circuit has held that it is proper for the court to consider the EEOC charge pursuant to *Fed. R. Civ. P. 12(b)(1)* because the subject matter jurisdiction of the court is predicated upon the existence of an EEOC charge." The Department cites *Rush v. McDonald's Corp., 966 F.2d 1104, 1110 (7th Cir. 1992)*. The case, which involved a motion for summary judgment, states in a footnote on the cited page that the scope requirement is not "a component of subject matter jurisdiction." *Id.* at n.20.

The first failure alleged by the Department, that Finley did not establish receipt of a right-to-sue letter, poses only a minor procedural difficulty. This alleged defect is not jurisdictional, but, if Finley failed to obtain a right-to-sue letter, his complaint could be dismissed, likely without prejudice, under *Fed. R. Civ. P. 12(b)(6)* for failure to state a claim. *Sherman v. Standard Rate* [*7] *Data Service, 709 F. Supp. 1433, 1436-37 (N.D. Ill. 1989)*. Thus, the court will treat this part of the Department's motion as a motion to dismiss under *Rule 12(b)(6)*.

Under *Babrocky*, the Department's second basis for dismissing Finley's complaint -- that Finley's suit exceeds the scope of his EEOC charge -- is not jurisdictional and so, like the purported failure to establish receipt of the

Case 1:08-cv-00549   Document 13-6   Filed 04/14/2008   Page 4 of 6

Page 4
1998 U.S. Dist. LEXIS 474, *7

right-to-sue letter, may not be raised in a *Rule 12(b)(1)* motion. However, the scope challenge presents a somewhat more difficult issue because Finley offers an affidavit and other extrinsic evidence to excuse his purported failure. Thus, the motion cannot be treated as motion to dismiss under *Rule 12(b)(6)*. In *Rennie v. Garrett, 896 F.2d 1057 (7th Cir. 1990)*, the plaintiff allegedly violated an administrative deadline by failing to raise a retaliation claim with an EEO counselor. The Seventh Circuit reversed the district court, which had dismissed the claim for lack of subject matter jurisdiction. The Seventh Circuit noted that when a defendant moves to dismiss a claim for lack of subject matter jurisdiction, a court may look beyond the pleadings and consider any relevant facts. *Id.* [*8] *at 1061*. However, since the purported failure to comply with an administrative deadline was not jurisdictional, the Seventh Circuit concluded that it was improper for the district court to resolve any factual disputes as to whether the plaintiff had raised the claim with a counselor. *Id. at 1062-63*.

Here both parties have proceeded on the assumption that this motion is properly brought under *Rule 12(b)(1)* and have therefore attached exhibits to their papers and argued whether Finley intended that the EEOC investigate a claim for race discrimination. Therefore, the Court finds that the parties have had a "reasonable opportunity to present all material . . . pertinent" to a motion for partial summary judgment and will treat the second part of the Department's motion as such. *See Fed. R. Civ. P. 12(b)*; *see also Egan v. Palos Community Hosp., 889 F. Supp. 331, 337 (N.D. Ill. 1995)*. However, in contrast to a *Rule 12(b)(1)* motion, the court may not resolve any factual disputes. Instead, the [HN2] court may grant summary judgment only if there is no genuine issue of material fact.

1. The Right-to-Sue Letter

[HN3] A court may dismiss a complaint for failure to state a claim under [*9] *Rule 12(b)(6)* if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984)*. The court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the plaintiff. *Antonelli v. Sheahan, 81 F.3d 1422, 1427 (7th Cir. 1996)*.

The Department acknowledges in its reply brief that it eventually received a copy of Finley's right-to-sue letter, yet the Department continues to argue that Finley did not "establish receipt of a Notice of Right to Sue Letter." Although the Department's contention is unclear, the court will assume that the Department is arguing that Finley's complaint is defective because he did not attach his right-to-sue letter.

At the outset, the court notes that [HN4] the Title VII statute merely requires that the claimant be notified of his right to sue. *42 U.S.C. § 2000e-5(f)(1)*. The statute does not state that a plaintiff must attach a right-to-sue letter to the complaint, nor does the Department cite any authority supporting such a requirement. To the contrary, courts in this district have [*10] refused to dismiss a Title VII action when the plaintiff failed to attach a right-to-sue letter. *See, e.g., Cozzi v. Pepsi-Cola General Bottlers, Inc.*, 1997 WL 308841, at *2 (N.D. Ill 1997) (noting that plaintiff had attached right-to-sue letter to brief opposing dismissal); *Ichile v. City of Chicago, 1996 U.S. Dist. LEXIS 6658, 1996 WL 264708*, at *4 (N.D. Ill. May 16, 1996) ("Attaching a right-to-sue letter to a complaint is not required to survive a motion to dismiss.").

Where the plaintiff neither alleges nor, after being given the opportunity, offers proof that a right-to-sue letter was issued, a court need not allow the case to proceed. *Gibson v. Kroger Co., 506 F.2d 647, 652 (7th Cir. 1974)*. However, that is not the situation here. Finley alleged that he received a right-to-sue letter. When its existence was challenged, Finley made the letter available to the court and to opposing counsel. For the purpose of maintaining a Title VII suit, that is all that is necessary.

2. The Scope of the EEOC Charge

[HN5] Summary judgment should be granted when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c)*; *Rush, 966* [*11] *F.2d at 1109* (citing *Celotex Corp. v. Catrett, 477 U.S. 317, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986))*. The evidence must be considered in the light most favorable to the non-moving party and all inferences must be resolved in that party's favor. *Vitug v. Multistate Tax Comm'n, 88 F.3d 506, 511 (7th Cir. 1996)*

In general, [HN6] a Title VII plaintiff cannot allege claims that were not included in the EEOC charge. *Cheek, 31 F.3d 497 at 499*. This rule serves two purposes. First, it permits the EEOC to investigate

claims, so that there will be an opportunity, before the plaintiff files suit. "to settle the dispute through conference, conciliation and persuasion." *Id.* Second, it gives the employer notice of the kind of conduct being charged. *Id.* Nevertheless, this scope requirement is not jurisdictional; it is a condition precedent and subject to equitable considerations. *Babrocky, 773 F.2d at 863*. In determining whether a Title VII complaint is within the scope of the EEOC charge, a court must determine whether the complaint "is like or reasonably related to the allegations of the charge and growing out of such allegations." *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.,* [*12] *538 F.2d 164, 167 (7th Cir. 1976)*. The Seventh Circuit explained that following such a liberal standard when determining whether a complaint is within the scope of an EEOC charge furthers Title VII's remedial goals, because enforcement depends on "laypersons, often unschooled." *Babrocky, 773 F.2d at 864*. So while a plaintiff must specifically describe the offending conduct to the EEOC, courts should not impose strict technical standards on EEOC charges filed by non-lawyers. *Cheek, 31 F.3d at 502*.

The Department correctly points out that nothing in Finley's EEOC charge itself suggests a claim of race discrimination. In support of its position, the Department cites a case with somewhat analogous facts, *Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 223 (8th Cir. 1993)*, in which the plaintiff's claim of race discrimination was held to be outside the scope of the EEOC charge. In *Williams*, the plaintiff had filed an earlier EEOC charge for race discrimination, and this earlier charge allegedly motivated the retaliation that was the subject of the second EEOC charge. The second EEOC charge stated only a claim of retaliation. *Id. at 222-23*. The plaintiff [*13] contended that her allegation of race discrimination in her judicial complaint was directly related to a claim of retaliation because the retaliation had occurred in response to her earlier race discrimination charge. The court rejected this argument, finding that the race discrimination claim in plaintiff's judicial complaint was not like or reasonably related to the allegation of retaliation in her second EEOC charge. *Id. at 222-23*. Similarly, Finley's written EEOC charge is limited to retaliation. If this court were to look only to the face of the EEOC charge, it would conclude that Finley's claim of race discrimination in his judicial complaint is not like or reasonably related to his claim for retaliation in his EEOC charge.

However, [HN7] in determining the scope of an EEOC charge, "allegations outside the body of the charge may be considered when it is clear that the charging party intended the agency to investigate the allegations." *Cheek, 31 F.3d at 502*. In most instances, as in *Cheek*, the allegations outside the body of the charge were incorporated in the charge through an affidavit that was submitted in support of the charge. *See id.; see also Rush, 966 F.2d at* [*14] *1110-11*. However, in some instances, courts have looked beyond the materials attached to the charge. *See Sickinger v. Mega Systems, 951 F. Supp. 153, 157-58 (N.D. Ind. 1996)*; *see also Angotti v. Kenyon & Kenyon, 929 F. Supp. 651, 658-59 (S.D.N.Y. 1996)*. In *Sickinger*, the court relied on an intake questionnaire to conclude that the plaintiff intended that the EEOC investigate an allegation of retaliation, even though the intake questionnaire was not attached to or included with the charge. *951 F. Supp. at 157-58*. Like Finley, Sickinger filled out the EEOC intake questionnaire and an EEOC employee prepared the written charge. *Id. at 157*. The EEOC charge in *Sickinger* had alleged only sex discrimination, but the intake questionnaire permitted an inference that the plaintiff had intended for the EEOC to investigate a claim for retaliation as well. *Id. at 157-58*.

Here, Finley's intake questionnaire specifically alleges race discrimination. On the questionnaire, Finley indicated the cause of the discrimination was race. He also stated in an attachment to that document that "I believe that it is race." Contrary to the position of the Department, it makes no difference [*15] that Finley may also have indicated retaliation was the basis for the Department's action when he stated in the questionnaire that the Department "failed to stand up to the agreement." A plaintiff can allege both retaliation and race discrimination in a Title VII action. Finley's claim that his discharge was retaliatory does not render his allegations of a racial discrimination mere "background." Further supporting Finley's position is his affidavit, in which he states that he told the EEOC intake worker who drafted his charge that he believed race was a cause of his second discharge. This court concludes that Finley established that he intended the EEOC to investigate his claim of race discrimination. Because the intake questionnaire indicates that Finley intended the EEOC to investigate a racial motive for his discharge, this court cannot conclude, for the purposes of a motion for summary judgment, that Finley's claim of race discrimination is beyond the scope of his EEOC charge. In furtherance of Title VII's remedial goals, Finley, who

was unrepresented by legal counsel when he signed the EEOC charge, should not be penalized for the charge's technical shortcomings. *Cf. Santos* [*16] *v. Rush-Presbyterian-St. Luke's Medical Center, 641 F. Supp. 353, 354 (N.D. Ill. 1986)* ("The court will not impose a procedural barrier to the plaintiff's claims when the possibility exists that error lies with the administrative agency"). As in *Sickinger*, this court concludes that the plaintiff "has done everything a person can reasonably be expected to do to properly present [his] claim to the EEOC." *951 F. Supp. 153 at 157-58*.

This finding does not conflict with *Williams*. In *Williams*, the court noted that the EEOC investigated only the retaliation claims. *Williams, 21 F.3d at 223*. In determining that the scope of the plaintiff's EEOC charge was limited to retaliation, the court considered the written charge, the plaintiff's intake questionnaire and an affidavit. *Id.* Since all these documents specifically alleged only retaliation as the basis for the discrimination, the court concluded that it was not using a technicality to deny a pro se plaintiff the opportunity to pursue a claim for race discrimination. *Id.* In contrast, Finley's intake questionnaire indicated that he intended that the EEOC investigate race discrimination.

## CONCLUSION

Because [*17] the exhaustion of administrative remedies is not a jurisdictional requirement, the Departments has improperly brought this motion under *Rule 12(b)(1)*. Nevertheless, this court has treated the Department's motion in part as a motion to dismiss under *Rule 12(b)(6)* and in part as a motion for partial summary judgment. Finley's failure to attach his right-to-sue letter to his complaint, when his receipt of the letter is not disputed, does not require dismissal under 12(b)(6). As for the motion for partial summary judgment, the EEOC intake questionnaire indicates that Finley intended the EEOC to investigate his claim of race discrimination. Thus, this court cannot conclude as a matter of law that Finley's race discrimination claim is outside the scope of his EEOC charge. For these reasons, the Department's motion is denied.

ENTER:

JOAN B. GOTTSCHALL

United States District Judge

DATED: January 9, 1998