IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH J. GASPARI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 549 |
| | ) | |
| ADVOCATE HEALTH AND HOSPITALS | ) | Judge Kendall |
| CORPORATION, | ) | Magistrate Judge Valdez |
| | ) | |
| Defendant. | ) | |

**REPLY MEMORANDUM IN
SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

NOW COMES Defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION ("ADVOCATE"), by and through its attorneys Jill A. Cheskes and Lawrence R. Smith of SmithAmundsen, LLC, and as and for its reply in support of its Motion to Dismiss, states as follows:

**Introduction**

As outlined in Advocate's Motion, Plaintiff failed to exhaust her administrative remedies with respect to a purported claim for failure to provide a reasonable accommodation under the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA"). Plaintiff's response brief basically acknowledges that this claim was not brought in her charge; she argues, however, that the Court should look to an unsigned and unsworn "intake questionnaire" that she submitted to the EEOC, which was not part of her charge of discrimination, to determine that she did exhaust her administrative remedies. This argument must fail. Dismissal of a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is appropriate where the pleading reveals the plaintiff failed to exhaust administrative remedies, as *Green v. National Steel Corp.*, 197 F.3d 894 (7th Cir. 1999),

among many other decisions, establishes – notwithstanding Plaintiff's citations regarding the standard under Rule 12(b)(6).

**Argument**

1. Plaintiff's Charge Does Not Allege a Failure to Accommodate Claim.

Plaintiff does not dispute that she was required, by statute, to exhaust her administrative remedies, or the reasons for such requirement, namely to assure that employers receive timely notice of discrimination charges and to provide an opportunity to engage in conciliation. *E.g., Cheek v. Western and Southern Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir. 1994). Plaintiff also concedes, as she must, that the EEOC charge she filed contains no allegation whatsoever as to any accommodation, let alone that she requested a reasonable one and the Defendant denied it to her. Plaintiff further concedes the legal issue that an allegation of a failure to provide a reasonable accommodation is not "like or reasonably related" to a claim of discriminatory dismissal. There is no authority to the contrary, and Plaintiff does not attempt to suggest otherwise. *See, e.g., Green*, 197 F.3d at 898, and the other cases cited in Defendant's Motion (at 4-6).

To the extent the Court considers the decision in *Mudgett v. Centegra Health System, Inc.,* 2006 U.S. Dist. LEXIS 46277 (N.D. Ill. 2006)(copy attached to Pl.'s Resp.), the result in that case is inapplicable. Seeking to avoid the holding of *Green*, the court found that the claim for failure to accommodate that was omitted from the charge, and the several discrimination allegations made in the charge, "talk about the same conduct and the same involved individuals." *Id.* at 16. The discrimination claim included assertions that plaintiff had been laid off, suspended without pay and required to find another job with the employer, and required to take antibiotics and undergo a treatment protocol and was unable to work due to the antibiotics. *Id.* at 11. The

accommodation claim **was based upon** the employer's alleged "forcing her to undergo" a treatment protocol – an allegation that was expressly made at least twice in the charge. *Id.* at *5. In this case, however, the sparse allegations of Plaintiff's EEOC charge are devoid of any factual assertion that could similarly be linked to a failure to accommodate claim.

> 2.    Plaintiff's Questionnaire Cannot Expand the Scope of Her Charge.

Instead, Plaintiff resorts to arguing that assertions she made in an **<u>unsigned and unsworn</u>** questionnaire form that she submitted to the EEOC were sufficient to fulfill the exhaustion requirement. But Plaintiff fails to note that the courts have consistently rejected such an attempt to expand upon an insufficient charge by reference to such a questionnaire – which was not filed as part of the charge itself. *See, e.g., Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 502-503 (7th Cir. 1994) (considering statements made in sworn affidavit filed in support of EEOC charge). Indeed, one of the cases Plaintiff cites, *Sickinger v. Mega Systems, Inc.*, 951 F. Supp. 153 (N.D. Ind. 1996), makes this very point:

> In all of the cases where courts have looked to allegations outside the charge, those allegations have been found in documents that have been made part of, and probably directly attached to, the charge itself. . . . [D]espite the fact that the charging party has not placed the allegation in the body of the charge itself, the missing allegation appears in one of the documents filed with the charge. **The employer receives notice of all these documents at the same time it receives copies of the EEOC charge.** The employer can read through the entire submission and know all of the allegations against it.

*Id.* at 156-157 (emphasis added).

Thus, courts – including the Seventh Circuit Court of Appeals – have rejected consideration of an EEOC questionnaire because it is not sent to the employer and thus cannot be deemed part of the charge. In *Novitsky v. American Consulting Engineers, L.L.C.*, 196 F.3d 699 (7th Cir. 1999), for example, the EEOC charge alleged that the employer discharged the plaintiff because of her age and religion. The plaintiff's complaint, however, alleged a claim for failure

3

to accommodate, alleging that her employer refused to give her vacation time on a religious holiday. Opposing a motion to dismiss this claim for failure to exhaust administrative remedies, the plaintiff cited several statements she made about the holiday dispute in her EEOC questionnaire. The court rejected this argument, noting that "it is the charge rather than the questionnaire that matters" because "[o]nly the charge is sent to the employer, and therefore only the charge can affect the process of conciliation." *Id*. at 702. The court also rejected the plaintiff's attempts to avoid responsibility for the failure to include this claim in her EEOC charge:

> What is more, the charge is not the work of some faceless bureaucrat, leaving victims of discrimination helpless to protect themselves. Complainants are free to draft and file charges on their own, or hire attorneys to do so, and a charge drafted by the EEOC staff is not filed unless the complainant signs it – as Novitsky did. If she had been dissatisfied with the [EEOC] staff's understanding of her answers, all she had to do was point this out and ask for an addition . . . .But whether or not the complainant had a lawyer, whether or not she sought or listened to counsel, indeed, whether or not she read or understood the charge, it was her charge, and it did not put her former employer on notice of any claim related to Yom Kippur.

*Id.* at 702-703; *accord, Davis v. Central Can Co.*, 2006 U.S. Dist LEXIS 58962 at *16 (N.D. Ill. 2006) (copy attached as Ex. B to Deft's Motion) (rejecting argument that lesser standard applies because plaintiff did not have legal counsel when filing his charge, and citing "numerous cases in this district" so holding).

Each of the cases cited by Plaintiff, purportedly in support of permitting an uncharged claim to proceed based on such claim having been mentioned in an EEOC questionnaire, is distinguishable. In each of Plaintiff's cited cases, either the claim was included within the charge itself or the plaintiff claimed s/he was misled by the EEOC – neither of these scenarios is present in this case. In *Cheek*, 31 F.3d at 502, and *Box v. A & P Tea Co.*, 772 F.2d 1372, 1375 (7th Cir. 1999), the uncharged claims had been noted on the charge itself. In *Jackson v. Local*

4

*707, Int'l Bhd. of Teamsters,* 2002 U.S. Dist. LEXIS 4908 at *8 (N.D. Ill. March 26, 2002), the plaintiff had presented documentary support beyond the questionnaire for his harassment claim to the EEOC, and the agency representative had misled him about the claim being in the charge.[1] In *Finley v. Ill. Dept. of Public Aid*, 1998 U.S. Dist. LEXIS 474, at *13-15 (N.D. Ill. Jan. 12, 1998), the court permitted an uncharged claim to proceed based on the content of a questionnaire taken together with oral statements made to the EEOC investigator, but the court's reliance on the oral statements was erroneous, *see Vela v. Village of Sauk Village*, 218 F.2d 661, 665 (7th Cir. 2000).  In *Sickinger,* the court allowed an uncharged claim noted in the questionnaire to proceed because the plaintiff had informed the EEOC about such claim but the agency representative had misled her about its inclusion in the charge, and also because the claim was for retaliation, such that the court concluded the employer had actual notice of the retaliation claim when the plaintiff filed a charge concerning her termination just eight days after it had occurred.[2]  None of these circumstances – inclusion on the charge itself, or plaintiff being misled by the EEOC – is present here.

Plaintiff's questionnaire plainly was neither signed, nor sworn to, by Plaintiff, and it was not part of the EEOC charge she filed and therefore was not sent to Advocate.  Contrary to Plaintiff's assertions, the questionnaire is neither a "charging document" nor a "5 page affidavit/charging statement, signed, dated and submitted the same day as her formal charge was processed" (Resp. at 3).  Rather, Exhibit 1 to Plaintiff's response consists of her actual one-page

---

[1] The *Finley* and *Jackson* decisions are attached to Pl.'s Response.

[2] The cases cited at page 5 of the Response are the only pertinent cases cited by Plaintiff on this dispositive issue; those cited elsewhere either are offered for general propositions that do not provide a basis for decision, or are cases where the reference to the uncharged claim was (as Plaintiff puts it) "in a sworn affidavit that [the plaintiff] filed in support of the charge" (Pl.'s Resp. at 6) – clearly not applicable here.

5

EEOC charge; a one-page form entitled "Acceptance/Objection to Mediation" (apparently signed by Plaintiff on March 2, 2007 but without any sworn statement or reference to any other form or filing); and a four-page EEOC questionnaire form – **which Plaintiff plainly did not sign** and which bears no other attributes of an "affidavit."[3]

Despite Plaintiff's reliance on *Federal Express Corp. v. Holowecki,* 128 S. Ct. 1147 (2008), the decision is inapposite and does not allow the expansion of her charge. The issue on which the Supreme Court ruled is the standard for deciding whether a filing with the EEOC constitutes a charge (under the Age Discrimination in Employment Act) where the filing is in some form other than a standard, formal charge of discrimination. Ms. Holowecki had submitted to the EEOC an Intake Questionnaire, **along with a multi-page affidavit that she had signed.** *Id.* at 1153. The Court did not rule that an intake questionnaire is sufficient as a charge in all cases. Rather, the Court expressly stated that documents submitted to the EEOC, such as the intake questionnaire and sworn affidavit that Ms. Holowecki had submitted, **may be** a charge, if they are reasonably read to request the agency to take action. *Id.* at 1159-60. The Court did not rule that such documents may expand the scope of a charge that actually had been filed. To the

---

[3] The EEOC's statement as to the purpose of the questionnaire form contradicts Plaintiff's attempt to rely on its contents. The form (Pl.'s Ex. 1, pp. 3-6; enlargement of the electronically filed document enhances legibility) states, at the top of its first page, that "a charge of discrimination must be filed with the time limits imposed by law . . . Upon receipt, this form will be reviewed to determine EEOC coverage." On its fourth page, under the signature line, the form instructs that if the individual completing it has not heard from an EEOC office within 30 days, he or she should contact the agency. The form further states that its "principal purpose . . . is to solicit information in an acceptable form consistent with statutory requirements to enable the Commission to act on matters within its jurisdiction. When this form constitutes the ***only*** timely written statement of allegations of employment discrimination, the Commission will, consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(b), consider it to be a sufficient charge of discrimination under the relevant statute(s)" (emphasis added). The form also states that "information provided on this form will be used by Commission employees to determine the existence of facts relevant to a decision as to whether the Commission has jurisdiction over allegations of employment discrimination and **to provide such charge filing counseling as is appropriate"** (emphasis added). Read singly and as a whole, these statements show that the questionnaire is not a charge and thus, by itself, cannot be used to expand the scope of a charge.

contrary, the Court indicated that a questionnaire, by itself, likely is insufficient as a charge: "[w]ere the Intake Questionnaire the only document before us we might agree its handwritten statements do not request action." *Id.* at 1159. As such, *Holowecki* does not allow, let alone require, Plaintiff's unsigned and unsworn questionnaire to modify the scope of the charge she actually filed.[4] Thus, Plaintiff cannot expand the scope of her charge by referring to her EEOC questionnaire.

> 3. Even if the Court Considers the Questionnaire, It Does Not Allow the Plaintiff <u>to Meet the Exhaustion of Remedies Requirement.</u>

Plaintiff has not sought to explain, or even to state, the content of the questionnaire upon which she relies. As best can be determined, the questionnaire appears to indicate that she requested to work different days and times and also requested time off, or to work at home.[5] The only allegation in the Complaint that conceivably could be stretched – giving Rule 8 as broad an effect as appropriate – to include such requests is the allegation that Plaintiff requested FMLA leave in June 2006. (Compl. ¶17.) But the actions complained of as discriminatory under the ADA did not (allegedly) occur until February and March 2007; Plaintiff's charge alleges that the earliest date on which discrimination occurred was "2-16-2007." This disparity in the relevant

---

[4] As well, Plaintiff's reliance on *Mudgett* as support for consideration of her questionnaire is misplaced, because the basis for the court's ruling (as set forth *supra* at 2) was the **actual content** of the plaintiff's charge (2006 U.S. Dist. LEXIS at *16-7); the court expressly **disclaimed** reliance on the content of the plaintiff's EEOC questionnaire. *Id.* at *18 n. 5.

[5] Plaintiff's Response contains merely a citation (at page 3) to "Exhibit 1, p 4 of 6 - ¶ 4 and p 5 of 6 - ¶ 10" and nothing as to the contents of the questionnaire. The first two pages of the exhibit consist, respectively, of her charge and an "Acceptance/Objection to Mediation" form, neither of which are part of the questionnaire. The questionnaire is the last four pages of the exhibit. The citation to the exhibit's fourth page refers to the second page of the questionnaire, which contains a paragraph 4 as cited, but this paragraph says nothing about any request for, or denial of, any accommodation. The citation to the exhibit's fifth page refers to the third page of the questionnaire, which contains a paragraph 10 as cited, where Plaintiff checked two blanks for "yes" answers to questions about having requested assistance or a change in working condition. On this and the next page there also is handwriting that appears to state "work @ home", that Plaintiff made verbal requests to Melinda Noonan, and that she "tried to work alt days/times".

7

time frames breaks any possible connection between the requests referenced in the questionnaire and Plaintiff's claim that the Defendant violated the ADA.

    4.  <u>Alternatively, the Accommodation Claim Is Insufficiently Pleaded</u>.

The accommodation claim should be dismissed or, in the alternative, Plaintiff should be required to re-plead such claim with a more definite statement pursuant to Fed. R. Civ. P. 12(e). The Complaint alleges no facts, and asserts only legal conclusions, and thus does not meet even the minimal requirements of Rule 8. That is, although notice pleading is a minimal standard under Rule 8, nevertheless sufficient facts must be alleged so as to provide notice of the claim being alleged. *See Bell Atlantic Corp. v. Twombley,* 127 S. Ct. 1955, 1965-66 (2007) (plaintiff must plead the grounds of his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

    5.  <u>Motion to Strike Mistaken Allegations.</u>

Defendant notes that Plaintiff agrees (Resp. at 7) that she has no claim for either age or sex discrimination, despite references in the Complaint to such claims. Therefore, as part of the Court's order with regard to the Defendant's Motion to Dismiss, Defendant requests that the Court grant its motion to strike from the Complaint all references to age discrimination and sex discrimination, and for any claims or relief under either the ADEA or Title VII (including but not limited to such references in paragraphs 27 ("age") and 28 ("gender, and age", and "Title VII, and the ADEA") of the Complaint).

## **Conclusion**

For all of the foregoing reasons as well as the arguments and authorities set forth in its Motion, Defendant, Advocate Health & Hospitals Corporation, requests that the Court grant its Motion and dismiss Plaintiff's claim for failure to accommodate under the ADA as it is not

properly before this Court; and, in the alternative, dismiss the failure to accommodate claim for failure to state a claim or for more specificity, due to the failure to allege any facts in support of the claim. Defendant also requests that the Court, in its Order with regard to this Motion, state that all references to age and sex discrimination in the Complaint shall be and are stricken from the Complaint.

Respectfully Submitted,

BY: /s/ Jill A. Cheskes
One of the Attorneys for Advocate

Jill A. Cheskes
Lawrence R. Smith
SmithAmundsen, LLC
150 N. Michigan Avenue, Suite 3300
Chicago, IL 60601
(312) 894-3200