IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH J. GASPARI, | ) | |
| | ) | |
| Plaintiff, | ) | **Case No. 08 C. 0549** |
| | ) | |
| v. | ) | Honorable Judge Virginia Kendall |
| | ) | Presiding Judge |
| ADVOCATE HEALTH AND HOSPITALS | ) | |
| CORPORATION, | ) | Magistrate Judge Valdez |
| | ) | |
| Defendant. | ) | |
| | ) | **JURY DEMANDED** |

## MOTION TO FILE FIRST AMENDED COMPLAINT INSTANTER

**NOW COMES** the Plaintiff Deborah J. Gaspari, by her attorney Charles Siedlecki moves this Honorable Court grant Plaintiff leave to file a First Amended Complaint pursuant to Fed. R. Civ. P. 15(a), in support of which Plaintiff states has follows:

1. On January 24, 2008, Plaintiff filed her initial four-count complaint alleging violations of the Family Medical Leave Act ("FMLA"); the Americans with Disabilities Act ("ADA").

2. On March 31, 2008, Defendant filed its Answer to Counts I, II and IV.  Defendant moved to dismiss Count III pursuant to Fed. R. Civ. P. 12 (b)(6).

3. On April 14, 2008, Plaintiff filed her response in opposition to Defendant's motion to dismiss Count III.

4. On April 21, 2008, Defendant filed its reply, the matter is pending.

5. Plaintiff's factual investigation and discovery has continued, the parties have discussed the possibility of settlement but Defendant is not prepared to engage in settlement discussions at this time.

6. On May 27, 2008, the United States Supreme Court issued a decision in <u>CBOCS West, Inc. v. Humphries</u>, 128 S. Ct. 1951 (U.S. 2008), a § 1981 retaliation case.

7. In that ruling the Court made clear that a white person (employee) may bring a claim of retaliation under this statute for having sought to protect the rights of persons (employees) protected under the statute, in accordance with its ruling in <u>Sullivan v. Little Hunting Park, Inc</u>., 396 U.S. 229, 237 (U.S. 1969).

8. Prior to the above ruling the law regarding this issue was unclear.

9. Plaintiff's ongoing investigation has revealed that prior to her termination Plaintiff had complained of the discriminatory treatment suffered by black employees who worked within the Advocate Christ Hospital facility.

10. Plaintiff asserts that subsequent harassment, threats and discrimination suffered was retaliation for having sought to vindicate the federally protected rights of those black employees. This will be more fully set forth in the amended pleading.

11. Plaintiff seeks leave to file a First Amended Complaint so a claim of Retaliation pursuant to 42 U.S.C. 1981 might be added to her present claims.

12. Plaintiff and Defendant are engaged in written discovery but nor deposition testimony has been completed at this time.

13. Fact discovery is set currently set to close on August 25, 2008, Expert Discovery on October 6, 2008, Trial is set for March 30, 2009.

14. Just cause exists for allowing this amendment as it is related to recent developments in the law.

15. This amendment is not made for purposes of delay but in the interests of justice.

16. No new parties are added to this amendment.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court grant Plaintiff leave to file a First Amended Complaint.

Respectfully submitted,

/s/ Charles Siedlecki

Charles Siedlecki and Associates, P.C.
10540 South Western Avenue - Suite 405
Chicago, Illinois 60643
(773) 881-2535