**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEBORAH J. GASPARI, | ) | |
| | ) | |
| Plaintiff, | ) | **Case No.** |
| | ) | |
| v. | ) | Honorable Judge |
| | ) | |
| ADVOCATE HEALTH AND HOSPITALS | ) | |
| CORPORATION, | ) | Magistrate Judge |
| | ) | |
| Defendant. | ) | |
| | ) | **JURY DEMANDED** |

**COMPLAINT**

**NOW COMES** Plaintiff, Deborah J. Gaspari, by and through her attorneys Charles

Siedlecki & Associates, P.C., and complaining against the Defendant Advocate Health and

Hospitals Corporation, states as follows:

**JURISDICTION**

1.     This action is brought pursuant to The Family and Medical Leave Act ("FMLA") 29

U.S.C. § 2601 et seq.; The Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101

et. seq.; the Civil Rights Attorney's Fee's Awards Act of 1976, (42 U.S.C. § 1988).

Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, as

well as this Court's power to assert ancillary and pendant jurisdiction over related state

law claims.

**PARTIES**

2.     Plaintiff, Deborah J. Gaspari (hereinafter sometimes referred to as "Plaintiff"), is a citizen

of the United States of America and a resident of the State of Illinois.

-1-

3.    Defendant, Advocate Health Care (hereinafter sometimes referred to as "Defendant"), is a registered Illinois Corporation.

4.    Defendant controls, owns, and operates a medical facility known as Advocate Christ Medical Center, located in Oak Lawn, Illinois.

5.    Defendant is an employer within the meanings of the FMLA, and ADA. .

6.    Defendant employs more than 500 persons.

**FACTS**

7.    Plaintiff is a white, female.

8.    Plaintiff is fifty-six (56)  years of age.

9.    Defendant hired Plaintiff in August 1991.

10.    Plaintiff was hired as a Licensed Practical Nurse, and eventually was promoted to the position of Manager of Clinical Operations.

11.    Plaintiff's job performance consistently met the Defendant's legitimate work expectations.

12.    Prior to 2007, Plaintiff was consistently given outstanding/excellent performance appraisals.

13.    Plaintiff is a qualified individual with a disability under the ADA.

14.    Plaintiff's disabilities (spinal nerve impingement) impair her ability to perform the major life activities of walking, sitting, standing, and sleeping.

15.    At all relevant times, Defendant was aware of Plaintiff's disabilities.

16.    Due to the increasing complications of her disabilities, Plaintiff required ongoing medical care.

17.   Plaintiff applied for intermittent FMLA in June 2006 and her request was ignored by the Human Resources Department.  Plaintiff's time off was not considered FMLA covered.

18.   At this time, Defendant also, failed to provide her with her rights under the FMLA.

19.   Defendant unduly burdened and interfered with Plaintiff's ability to avail herself of  her protected FMLA leave.

20.   In August 2006 Plaintiff was informed by Human Resources that her FMLA application had been lost.

21.   After Plaintiff applied for FMLA her supervisor, Melinda Noonan ("Noonan"), began interfere with her right to take FMLA leave and retaliated against her for having exerted her FMLA rights.

22.   Noonan targeted Plaintiff for discipline, concocted false discipline against Plaintiff, solicited negative statements against Plaintiff, denied Plaintiff staff and help, denied Plaintiff budgetary funds, removed Plaintiff from committees, and intentionally sought to cause Plaintiff emotional distress.

23.   In response to the harassment and adverse employment action suffered Plaintiff made several complaints to Defendant, yet no corrective action was taken, in fact,  the harassment/retaliation worsened.

24.   In February 2007, Noonan placed Plaintiff on a Performance Deficiency Plan for a 90 day period.  This was completely without legitimate basis.

25.   The taking of intermittent FMLA was subsequently used as a negative factor by Defendant in placing Plaintiff on Performance Deficiency and creating a hostile environment that led to Plaintiff's ouster.

26.    Defendant's proffered reasons for placing Plaintiff on said performance deficiency are

        false and pretextual.

27.    Defendant's placing of Plaintiff on Deficiency Plan was because of her age, handicap,

        disability, perceived disability and/or use of her protected rights under the FMLA.

28.    The harassment of the Plaintiff was a result not only of her disability, gender, and age, but

        also because of her opposition to practices made unlawful by the FMLA, ADA, Title VII,

        and the ADEA.

29.    By March 2, 2007, Defendant's severe and pervasive harassment of Plaintiff had become

        so intolerable, that no reasonable minded person could have continued to work effectively

        within such an environment.  As a consequence thereof, Plaintiff had no other alternative

        but to resign her employment with Defendant.

30.    Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity

        Commission ("EEOC"), received a Notice of Right to Sue, initiated this action within 90

        days of receipt of said Notice of Right to Sue and has satisfied all administrative

        prerequisites to filing this suit.

## COUNT I – VIOLATION OF FMLA – INTERFERENCE WITH RIGHTS

1-30.    Plaintiff re-alleges paragraphs 1-30 as though fully asserted herein.

31.    Plaintiff had worked for Defendant more than 1250 hours within the twelve month period

        preceding her request for FMLA protected leave.

32.    Plaintiff had provided notice to Defendants regarding her need for intermittent FMLA

        leave so as to care for her serious health condition.

-4-

33.     Defendants intentionally interfered with and burdened Plaintiff in the exercise of her

        substantive statutory rights as an eligible employee under 29 U.S.C. § 2615(a)(1) by

        ascribing discipline to her for taking FMLA leave.

34.     Plaintiff was entitled to FMLA leave and Defendants unlawfully interfered with

        Plaintiff's exercise of said entitlement.

35.     As a result of Defendants discriminatory actions Plaintiff has suffered harm and injury,

        damage to her good reputation, extreme mental anguish, physical injury, painful

        embarrassment among his friends and co-workers, disruption of her personal life,

        financial injury, lost benefits, lost wages and the loss of enjoyment of the ordinary

        pleasures of everyday life.

        **WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment

in his favor as follows:

   a.    Monetary damages to compensate Plaintiff for all lost salary and benefits from the

         time Defendant's improper conduct commenced to the time of the award, plus all

         accrued interest thereon;

   b.    Monetary damages to compensate Plaintiff for all future lost salary and benefits;

   c.    Liquidated damages equal to an amount awarded hereunder, pursuant to FMLA §

         107(a)(1)(A)(iii);

   d.    Reasonable attorney's fees, expert witness fees and costs of litigation and costs of

         this suit;

   e.    Satisfy the jurisdictional limitation of this Court and such additional amounts as

         the jury and this Court deem just under the circumstances.

## COUNT II – VIOLATION OF FMLA – RETALIATION

1-35.    Plaintiff re-alleges paragraphs 1-35 as though fully asserted herein.

36.    Defendant applied FMLA time-off taken by Plaintiff, as a negative factor against her.

37.    Plaintiff was placed on Deficiency Plan and constructively discharged as a because she availed herself of her rights under the FMLA.

38.    There exists a causal link between Plaintiff availing herself of FMLA rights and the negative job actions suffered.

39.    Said discriminatory and unlawful termination is in direct violation of FMLA 29 U.S.C. § 2615(a)(2).

40.    As a result of Defendant's actions Plaintiff has suffered harm and injury, damage to her good reputation, extreme mental anguish, physical injury and suffering, painful embarrassment among her friends and co-workers, disruption of her personal life, financial injury, lost benefits, lost wages and the loss of enjoyment of the ordinary pleasures of everyday life.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.    Monetary damages to compensate Plaintiff for all lost salary and benefits from the time Defendant's improper conduct commenced to the time of the award, plus all accrued interest thereon;

b.    Monetary damages to compensate Plaintiff for all future lost salary and benefits;

c.    Liquidated damages equal to an amount awarded hereunder, pursuant to FMLA § 107(a)(1)(A)(iii);

d.    Reasonable attorney's fees, expert witness fees and costs of litigation and costs of this suit;

e.    Satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and this Court shall deem proper under the circumstances.

## COUNT III - VIOLATION ADA

1-40.    Plaintiff repeats and re-alleges paragraphs 1-40 above as though fully set forth herein.

41.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of 42 U.S.C.Section 12111(4) and a qualified individual with the disability (to wit, spinal nerve damage) who was able to perform the essential functions of her position with Defendant, with or without reasonable accommodation.

42.    On or about February 2007, Defendant engaged in unlawful employment practices in violation of ADA Sections 102(a), 102(b)(1),  102(b)(5)(A),  102(b)(5)(B)  and 503(a), 42 U.S.C. Sections 12112(a), 12112(b)(1), 12112(b)(5)(A), 12112(b)(5)(B) and 102203(a) because it refused to make reasonable accommodations to the known disability of the Plaintiff, and forced the Plaintiff from her position of employment after such refusal to, and because of the need to, make reasonable accommodation to her known disability, and/or Plaintiff was able to perform the duties of his job without the need for accommodation, but Defendant discriminated against her in the terms and conditions of her employment due to her disability.

43.    Plaintiff has satisfied all of the procedural administrative requirements as established by Section 706 of Title VII of the Civil Rights Act of 1964 as adopted by the terms of 42 U.S.C. Section 12117(a) in that she timely filed a charge of discrimination with the

United States Equal Employment Opportunity Commission, and was thereafter given a Notice of Right to Sue by the same. This Complaint and Jury Demand is filed within ninety days of receipt of said notice of Right to Sue.

44. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability or perceived disability.

45. The unlawful employment practices complained of above were and are intentional.

46. By the conduct described above, Defendant has engaged in unlawful employment practices and discriminated and retaliated against Plaintiff on account of her known disability and exercise of her rights protected by the ADA in violation of 42 U.S.C. Sections 12112(a), 12112(b)(1), 12112(b)(5)(A), 12112(b)(5)(B) and 12112(d)(1).

47. Plaintiff has been damaged by Defendant's actions, and is entitled to relief as set forth in his Prayer for Relief.

**WHEREFORE**, Plaintiff I, prays for the following relief:

a. That the Court declare the Defendant's conduct complained of herein to be in violation of the Plaintiff's rights as secured by the Americans With Disabilities Act;

b. That the Court award her compensatory damages;

c. That the Court award her punitive damages;

d. That the Court order the Defendant to make Plaintiff whole, by providing her appropriate lost earnings and benefits with pre-judgment interest, and other affirmative relief, including but not limited to reinstatement.

e.     That the Court award her attorney's fees and costs incurred in prosecuting this

action, and;

f.     That the Court award her such additional and further relief as it deems just and

proper.

## COUNT IV - CONSTRUCTIVE DISCHARGE

1-47.  Plaintiff repeats and re-alleges Paragraphs 1 through 47 of this Complaint as paragraphs

1 through 47 of Count IV, as though fully set forth herein.

48.    Plaintiff verbally complained to Defendant through its agents and employees that the

above-mentioned conduct was harassing and discriminatory. Yet, Defendant's unlawful

conduct continued and actually increased in intensity.

49.    As a result of the foregoing actions, Plaintiff was forced to leave her job and was thus

constructively discharged.

50.    Plaintiff has suffered and will continue to suffer irreparable injury caused by the

defendant's illegal conduct.

51.    The defendant's actions were willful and malicious and constituted a reckless indifference

to Plaintiff's rights.

52.    As a result of the acts complained of herein, Plaintiff has suffered and will continue to

suffer the effects of unlawful discrimination, extreme emotional distress and mental

anguish, loss of career opportunities, loss of a job, damage to her reputation and

professional development, financial loss, physical harm and loss of the enjoyment of

everyday life.

53.    The conduct of the defendants constitutes unlawful employment discrimination on the

basis of disability and constitutes a violation of the Plaintiff's rights pursuant to the ADA

and the defendant is liable to the Plaintiff for civil relief and other damages for the

violation of Plaintiff's rights.

**WHEREFORE**, Plaintiff,  respectfully requests this Honorable Court award Plaintiff:

a.      Declare the acts complained of herein to be a violation of applicable law.

b.      Enter an Order enjoining and permanently restraining these violations of the ADA

and FMLA and its amendments.

c.      Award Plaintiff compensatory damages against Defendant to make Plaintiff whole

for any lost benefits she would have received had it not been for defendant's

illegal conduct/actions including back pay and front pay.

d.      Award Plaintiff damages for pain, suffering, humiliation and harm caused by the

defendant's unlawful treatment in an amount to be determined at trial.

e.      Award punitive damages in an amount to be determined and which is appropriate

to punish the Defendant for the willful and malicious conduct necessary to deter

Defendant from engaging in such misconduct in the future.

f.      Award Plaintiff costs and expenses for this action and reasonable attorney fees.

g.      Award such other equitable relief as this Honorable Court determines to be just

and proper.

Respectfully submitted**,**

/s/     Charles Siedlecki
        Attorney for Plaintiff

Charles Siedlecki and Associates, P.C.
10540 South Western Avenue - Suite 405

-10-

Chicago, Illinois 60643
(773) 881-2535