IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH J. GASPARI, | ) | |
| | ) | |
| Plaintiff, | ) | **Case No.** 08 C 549 |
| | ) | |
| v. | ) | Honorable Judge Virginia Kendall |
| | ) | Presiding Judge |
| ADVOCATE HEALTH AND HOSPITALS | ) | |
| CORPORATION, | ) | Magistrate Judge Valdez |
| | ) | |
| Defendant. | ) | |
| | ) | **JURY DEMANDED** |

## CORRECTED FIRST AMENDED COMPLAINT

**NOW COMES** Plaintiff, Deborah J. Gaspari, by and through her attorneys Charles Siedlecki & Associates, P.C., and complaining against the Defendant Advocate Health and Hospitals Corporation, states as follows:

### JURISDICTION

1. This action is brought pursuant to The Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2601 et seq.; The Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 et. seq.; the Civil Rights Attorney's Fee's Awards Act of 1976, (42 U.S.C. § 1988) and 42 U.S.C. § 1981. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, as well as this Court's power to assert ancillary and pendant jurisdiction over related state law claims.

### PARTIES

2. Plaintiff, Deborah J. Gaspari (hereinafter sometimes referred to as "Plaintiff"), is a citizen of the United States of America and a resident of the State of Illinois.

3. Defendant, Advocate Health Care (hereinafter sometimes referred to as "Defendant"), is a registered Illinois Corporation.

4. Defendant controls, owns, and operates a medical facility known as Advocate Christ Medical Center, located in Oak Lawn, Illinois.

5. Defendant is an employer within the meanings of the FMLA, and ADA. .

6. Defendant employs more than 500 persons.

## FACTS

7. Plaintiff is a white, female.

8. Plaintiff is fifty-six (56) years of age.

9. Defendant hired Plaintiff in August 1991.

10. Plaintiff was hired as a Licensed Practical Nurse, and eventually was promoted to the position of Manager of Clinical Operations.

11. Plaintiff's job performance consistently met the Defendant's legitimate work expectations.

12. Prior to 2007, Plaintiff was consistently given outstanding/excellent performance appraisals.

13. Plaintiff is a qualified individual with a disability under the ADA.

14. Plaintiff's disabilities (spinal nerve impingement) impair her ability to perform the major life activities of walking, sitting, standing, and sleeping.

15. At all relevant times, Defendant was aware of Plaintiff's disabilities.

16. Due to the increasing complications of her disabilities, Plaintiff required ongoing medical care.

17. Plaintiff applied for intermittent FMLA in June 2006 and her request was ignored by the Human Resources Department. Plaintiff's time off was not considered FMLA covered.

18. At this time, Defendant also, failed to provide her with her rights under the FMLA.

19. Defendant unduly burdened and interfered with Plaintiff's ability to avail herself of her protected FMLA leave.

20. In August 2006 Plaintiff was informed by Human Resources that her FMLA application had been lost.

21. After Plaintiff applied for FMLA her supervisor, Melinda Noonan ("Noonan"), began interfere with her right to take FMLA leave and retaliated against her for having exerted her FMLA rights.

22. Noonan targeted Plaintiff for discipline, concocted false discipline against Plaintiff, solicited negative statements against Plaintiff, denied Plaintiff staff and help, denied Plaintiff budgetary funds, removed Plaintiff from committees, and intentionally sought to cause Plaintiff emotional distress.

23. In response to the harassment and adverse employment action suffered Plaintiff made several complaints to Defendant, yet no corrective action was taken, in fact, the harassment/retaliation worsened.

24. In February 2007, Noonan placed Plaintiff on a Performance Deficiency Plan for a 90 day period. This was completely without legitimate basis.

25. The taking of intermittent FMLA was subsequently used as a negative factor by Defendant in placing Plaintiff on Performance Deficiency and creating a hostile environment that led to Plaintiff's ouster.

26. Defendant's proffered reasons for placing Plaintiff on said performance deficiency are false and pretextual.

27. Defendant's placing of Plaintiff on Deficiency Plan was because of her age, handicap, disability, perceived disability and/or use of her protected rights under the FMLA.

28. The harassment of the Plaintiff was a result not only of her disability, gender, and age, but also because of her opposition to practices made unlawful by the FMLA, ADA, Title VII, and the ADEA.

29. By March 2, 2007, Defendant's severe and pervasive harassment of Plaintiff had become so intolerable, that no reasonable minded person could have continued to work effectively within such an environment. As a consequence thereof, Plaintiff had no other alternative but to resign her employment with Defendant.

30. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC), received a Notice of Right to Sue, initiated this action within 90 days of receipt of said Notice of Right to Sue and has satisfied all administrative prerequisites to filing this suit.

## COUNT I – VIOLATION OF FMLA – INTERFERENCE WITH RIGHTS

1-30. Plaintiff re-alleges paragraphs 1-30 as though fully asserted herein.

31. Plaintiff had worked for Defendant more than 1250 hours within the twelve month period preceding her request for FMLA protected leave.

32. Plaintiff had provided notice to Defendants regarding her need for intermittent FMLA leave so as to care for her serious health condition.

33. Defendants intentionally interfered with and burdened Plaintiff in the exercise of her substantive statutory rights as an eligible employee under 29 U.S.C. § 2615(a)(1) by ascribing discipline to her for taking FMLA leave.

34. Plaintiff was entitled to FMLA leave and Defendants unlawfully interfered with Plaintiff's exercise of said entitlement.

35. As a result of Defendants discriminatory actions Plaintiff has suffered harm and injury, damage to her good reputation, extreme mental anguish, physical injury, painful embarrassment among his friends and co-workers, disruption of her personal life, financial injury, lost benefits, lost wages and the loss of enjoyment of the ordinary pleasures of everyday life.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Monetary damages to compensate Plaintiff for all lost salary and benefits from the time Defendant's improper conduct commenced to the time of the award, plus all accrued interest thereon;

    b. Monetary damages to compensate Plaintiff for all future lost salary and benefits;

    c. Liquidated damages equal to an amount awarded hereunder, pursuant to FMLA § 107(a)(1)(A)(iii);

    d. Reasonable attorney's fees, expert witness fees and costs of litigation and costs of this suit;

    e. Satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and this Court deem just under the circumstances.

## COUNT II – VIOLATION OF FMLA – RETALIATION

1-35. Plaintiff re-alleges paragraphs 1-35 as though fully asserted herein.

36. Defendant applied FMLA time-off taken by Plaintiff, as a negative factor against her.

37. Plaintiff was placed on Deficiency Plan and constructively discharged as a because she availed herself of her rights under the FMLA.

38. There exists a causal link between Plaintiff availing herself of FMLA rights and the negative job actions suffered.

39. Said discriminatory and unlawful termination is in direct violation of FMLA 29 U.S.C. § 2615(a)(2).

40. As a result of Defendant's actions Plaintiff has suffered harm and injury, damage to her good reputation, extreme mental anguish, physical injury and suffering, painful embarrassment among her friends and co-workers, disruption of her personal life, financial injury, lost benefits, lost wages and the loss of enjoyment of the ordinary pleasures of everyday life.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Monetary damages to compensate Plaintiff for all lost salary and benefits from the time Defendant's improper conduct commenced to the time of the award, plus all accrued interest thereon;

b. Monetary damages to compensate Plaintiff for all future lost salary and benefits;

c. Liquidated damages equal to an amount awarded hereunder, pursuant to FMLA § 107(a)(1)(A)(iii);

d. Reasonable attorney's fees, expert witness fees and costs of litigation and costs of

|   |   |
|---|---|
|   | this suit; |
| e. | Satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and this Court shall deem proper under the circumstances. |

### COUNT III - VIOLATION ADA

1-40. Plaintiff repeats and re-alleges paragraphs 1-40 above as though fully set forth herein.

41. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of 42 U.S.C. Section 12111(4) and a qualified individual with the disability (to wit, spinal nerve damage) who was able to perform the essential functions of her position with Defendant, with or without reasonable accommodation.

42. On or about February 2007, Defendant engaged in unlawful employment practices in violation of ADA Sections 102(a), 102(b)(1), 102(b)(5)(A), 102(b)(5)(B) and 503(a), 42 U.S.C. Sections 12112(a), 12112(b)(1), 12112(b)(5)(A), 12112(b)(5)(B) and 102203(a) because it refused to make reasonable accommodations to the known disability of the Plaintiff, and forced the Plaintiff from her position of employment after such refusal to, and because of the need to, make reasonable accommodation to her known disability, and/or Plaintiff was able to perform the duties of his job without the need for accommodation, but Defendant discriminated against her in the terms and conditions of her employment due to her disability.

43. Plaintiff has satisfied all of the procedural administrative requirements as established by Section 706 of Title VII of the Civil Rights Act of 1964 as adopted by the terms of 42 U.S.C. Section 12117(a) in that she timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission, and was thereafter given a Notice of Right to Sue by the same. This Complaint and Jury Demand is filed within

ninety days of receipt of said notice of Right to Sue.

44. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability or perceived disability.

45. The unlawful employment practices complained of above were and are intentional.

46. By the conduct described above, Defendant has engaged in unlawful employment practices and discriminated and retaliated against Plaintiff on account of her known disability and exercise of her rights protected by the ADA in violation of 42 U.S.C. Sections 12112(a), 12112(b)(1), 12112(b)(5)(A), 12112(b)(5)(B) and 12112(d)(1).

47. Plaintiff has been damaged by Defendant's actions, and is entitled to relief as set forth in his Prayer for Relief.

**WHEREFORE**, Plaintiff I, prays for the following relief:

a. That the Court declare the Defendant's conduct complained of herein to be in violation of the Plaintiff's rights as secured by the Americans With Disabilities Act;

b. That the Court award her compensatory damages;

c. That the Court award her punitive damages;

d. That the Court order the Defendant to make Plaintiff whole, by providing her appropriate lost earnings and benefits with pre-judgment interest, and other affirmative relief, including but not limited to reinstatement.

e. That the Court award her attorney's fees and costs incurred in prosecuting this action, and;

f. That the Court award her such additional and further relief as it deems just and

proper.

## COUNT IV - CONSTRUCTIVE DISCHARGE

1-47. Plaintiff repeats and re-alleges Paragraphs 1 through 47 of this Complaint as paragraphs 1 through 47 of Count IV, as though fully set forth herein.

48. Plaintiff verbally complained to Defendant through its agents and employees that the above-mentioned conduct was harassing and discriminatory. Yet, Defendant's unlawful conduct continued and actually increased in intensity.

49. As a result of the foregoing actions, Plaintiff was forced to leave her job and was thus constructively discharged.

50. Plaintiff has suffered and will continue to suffer irreparable injury caused by the defendant's illegal conduct.

51. The defendant's actions were willful and malicious and constituted a reckless indifference to Plaintiff's rights.

52. As a result of the acts complained of herein, Plaintiff has suffered and will continue to suffer the effects of unlawful discrimination, extreme emotional distress and mental anguish, loss of career opportunities, loss of a job, damage to her reputation and professional development, financial loss, physical harm and loss of the enjoyment of everyday life.

53. The conduct of the defendants constitutes unlawful employment discrimination on the basis of disability and constitutes a violation of the Plaintiff's rights pursuant to the ADA and the defendant is liable to the Plaintiff for civil relief and other damages for the violation of Plaintiff's rights.

**WHEREFORE**, Plaintiff, respectfully requests this Honorable Court award Plaintiff:

    a.    Declare the acts complained of herein to be a violation of applicable law.

    b.    Enter an Order enjoining and permanently restraining these violations of the ADA and FMLA and its amendments.

    c.    Award Plaintiff compensatory damages against Defendant to make Plaintiff whole for any lost benefits she would have received had it not been for defendant's illegal conduct/actions including back pay and front pay.

    d.    Award Plaintiff damages for pain, suffering, humiliation and harm caused by the defendant's unlawful treatment in an amount to be determined at trial.

    e.    Award punitive damages in an amount to be determined and which is appropriate to punish the Defendant for the willful and malicious conduct necessary to deter Defendant from engaging in such misconduct in the future.

    f.    Award Plaintiff costs and expenses for this action and reasonable attorney fees.

    g.    Award such other equitable relief as this Honorable Court determines to be just and proper.

## COUNT V - RETALIATION § 1981

1-53.  Plaintiff repeats and re-alleges Paragraphs 1 through 53 of this Complaint as paragraphs 1 through 53 of Count V, as though fully set forth herein.

54.  Plaintiff is Caucasian but sought to vindicate the rights of black employees of the Defendant..

55.  Plaintiff received good evaluations and was meeting the legitimate work expectations of the Defendant.

56.  Defendant at this facility has a central Human Resource Department which is charged with accepting and investigating complaints of discrimination. Further, this central

   Human Resources department interacts with all departments within this facility regarding discipline, EEO compliance issues and employee complaints

57. Defendant has engaged in a pattern and practice of discriminating against black employees.

58. Defendants have discriminated against black employees, as follows:

    a. Black employees are more harshly or disproportionally disciplined that white employees for the same or similar offense(s);

    b. Black employees are targeted for termination, by white supervisory personnel of the Defendant, and are terminated to a greater degree than white employees;

    c. Black employees are not paid at a level equal to white employees, inclusive of females, for performing equal work;

    d. Black employees are subjected to racially offensive language and graffitti in the workplace;

    e. White employees were allowed to retain their positions even after they have legitimately exhausted their FMLA leave.

    f. Defendant has concocted and/or destroyed evidence realted to black employee discipline and punished or threatened those who did.

    g. Defendant has failed to follow its own policies and procedurees in an effort to oust black employees.

59. Defendant falsified and back-dated white employees FMLA records so as to justify their disparate treatment as compared to black employees.

60. Defendant failed to properly document/record employees FMLA leave.

61. Black employees are referred to by white supervisory personnel/agents as "niggers",

"black monkeys", and black gorillas."

62. Defendant was aware of this disparate treatment and failed to take corrective action.

63. Plaintiff was targeted for harassment because she complained of unequal, discriminatory and retaliatory actions suffered by black employees at this facility. Including but not limited to black employees Mxine Wilcox and Delia (Daily) Adiamo (phonetic).

64. Plaintiff complained to Melinda Noonan - Human Resources.

65. Plaintiff was subsequently targeted for false accusations because of her complaints.

66. Plaintiff was told that if she did not go along with the discriminatory treatment of the black employees she would have her staff fired out from under her and her position eliminated. Plaintiff objected stating that it would be discrimination to fire the above-referenced employees for the infraction alleged when white employees are not.

67. Plaintiff suffered the above discrimination and harassment at the hands of the Defendants, its supervisors and/or agents because she sought to vidicate and protect the rights of black employees at this facility.

68. Plaintiff informed and complained to the Defendant of these actions yet no corrective action was taken.

69. Because Plaintiff complained of race discrimination and retaliation in the workplace - she was forced from her job of many years..

70. Plaintiff was terminated by AHHC because of her complaints. Defendant's human resource department actually participated in the discrimination, retaliation, did not want to know about such complaints and often refused to accept them from black employees.

71. Defendant's actions have caused Plaintiff to suffer harm and injury to her good reputation, physical harm, extreme mental anguish. Painful embarrassment among her

-13-

friends and co-workers, disruption of her personal life, lost wages, income, benefits, opportunity for advancement and the loss and enjoyment of the ordinary pleasures of everyday life.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court grant the following relief:

(a) Award compensatory damages against the Defendant in an amount in excess of seven hundred and fifty thousand dollars ($750,000.00)

(b) Award the Plaintiff back pay, pre-judgment interest, post-judgment interest, lost benefits, reinstatement or front-pay, in an effort to make Plaintiff whole.

(c) Award punitive damages as allowed by law.

(d) Award reasonable attorney's fees and costs of this suit.

(e) Such other relief as this Honorable Court deems just and proper under the circumstances.

Respectfully submitted,

*/s/*   Charles Siedlecki
Attorney for Plaintiff

Charles Siedlecki and Associates, P.C.
10540 South Western Avenue - Suite 405
Chicago, Illinois 60643
(773) 881-2535