## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH J. GASPARI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 CV 549 |
| | ) | |
| ADVOCATE HEALTH AND HOSPITALS | ) | Judge Kendall |
| CORPORATION, | ) | Magistrate Judge Valdez |
| | ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COUNTS I, II, IV AND V OF PLAINTIFF'S CORRECTED FIRST AMENDED COMPLAINT

NOW COMES the Defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION, (hereinafter referred to as "ADVOCATE") by and through its attorneys, Jill A. Cheskes, Lawrence R. Smith and Sara M. Stertz of SmithAmundsen LLC, and as and for its Answer and Affirmative Defenses to Counts I, II and IV and V of Plaintiff's First Amended Complaint states as follows:

### JURISDICTION

1.     This action is brought pursuant to The Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2601 et seq.; The Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 et. seq.; the Civil Rights Attorney's Fee's Awards Act of 1976, (42 U.S.C. § 1988) and 42 U.S.C. § 1981.  Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, as well as this Court's power to assert ancillary and pendant jurisdiction over related state law claims.

> **ANSWER:** **ADVOCATE admits that this matter is brought pursuant to the Family Medical Leave Act, the Americans with Disabilities Act and 42 U.S.C. § 1981, but denies any violation of the Acts as complained herein.  ADVOCATE admits that jurisdiction is proper with this Court, although ADVOCATE denies that there are any state law claims asserted in this action.  ADVOCATE denies all remaining allegations contained in paragraph 1.**

## PARTIES

2.      Plaintiff, Deborah J. Gaspari (hereinafter sometimes referred to as "Plaintiff"), is a citizen of the United States of America and a resident of the State of Illinois.

**ANSWER:  Upon information and belief ADVOCATE admits the allegations contained in paragraph 2.**

3.      Defendant, Advocate Health Care (hereinafter sometimes referred to as "Defendant"), is a registered Illinois Corporation.

**ANSWER:   ADVOCATE admits the allegations contained in paragraph 3.**

4.      Defendant controls, owns, and operates a medical facility known as Advocate Christ Medical Center, located in Oak Lawn, Illinois.

**ANSWER:  ADVOCATE admits the allegations contained in paragraph 4.**

5.      Defendant is an employer within the meanings of the FMLA, and ADA.

**ANSWER:  ADVOCATE admits the allegations contained in paragraph 5.**

6.      Defendant employs more than 500 persons.

**ANSWER:  ADVOCATE admits the allegations contained in paragraph 6.**

## FACTS

7.      Plaintiff is a white, female.

**ANSWER:  ADVOCATE admits the allegations contained in paragraph 7.**

8.      Plaintiff is fifty-six (56) years of age.

**ANSWER:    Upon information and belief, ADVOCATE admits the allegations contained in paragraph 8.**

9.      Defendant hired Plaintiff in August 1991.

**ANSWER:    ADVOCATE admits that Plaintiff was hired by Evangelical Health Systems, Inc. in August 1991.  ADVOCATE affirmatively states that Plaintiff was hired by ADVOCATE in October 1995.**

10.     Plaintiff was hired as a Licensed Practical Nurse, and eventually was promoted to the position of Manager of Clinical Operations.

        **ANSWER:**     **ADVOCATE denies that Plaintiff was hired as a Licensed Practical Nurse, but affirmatively states that she was hired as a registered nurse for Evangelical Health Systems, Inc. and admits that she was eventually promoted to the position of Manager of Clinical Operations for ADVOCATE.**

11.     Plaintiff's job performance consistently met the Defendant's legitimate work expectations.

        **ANSWER:  ADVOCATE denies the allegations contained in paragraph 11.**

12.     Prior to 2007, Plaintiff was consistently given outstanding/excellent performance appraisals.

        **ANSWER:  ADVOCATE denies the allegations contained in paragraph 12.**

13.     Plaintiff is a qualified individual with a disability under the ADA.

        **ANSWER:**     **ADVOCATE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.**

14.     Plaintiff's disabilities (spinal nerve impingement) impair her ability to perform the major life activities of walking, sitting, standing, and sleeping.

        **ANSWER:**     **ADVOCATE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.**

15.     At all relevant times, Defendant was aware of Plaintiff's disabilities.

        **ANSWER:  ADVOCATE denies the allegations contained in paragraph 15.**

16.     Due to the increasing complications of her disabilities, Plaintiff required ongoing medical care.

        **ANSWER:**     **ADVOCATE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 16.**

17.     Plaintiff applied for intermittent FMLA in June 2006 and her request was ignored by the Human Resources Department. Plaintiff's time off was not considered FMLA covered.

        **ANSWER:  ADVOCATE denies the allegations contained in paragraph 17.**

18.     At this time, Defendant also, failed to provide her with her rights under the FMLA.

        **ANSWER:  ADVOCATE denies the allegations contained in paragraph 18.**

19.     Defendant unduly burdened and interfered with Plaintiff s ability to avail herself of her protected FMLA leave.

**ANSWER: ADVOCATE denies the allegations contained in paragraph 19.**

20.     In August 2006 Plaintiff was informed by Human Resources that her FMLA application had been lost.

**ANSWER:     ADVOCATE is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20.**

21.     After Plaintiff applied for FMLA her supervisor, Melinda Noonan ("Noonan"), began interfere with her right to take FMLA leave and retaliated against her for having exerted her FMLA rights.

**ANSWER: ADVOCATE denies the allegations contained in paragraph 21.**

22.     Noonan targeted Plaintiff for discipline, concocted false discipline against Plaintiff, solicited negative statements against Plaintiff, denied Plaintiff staff and help, denied Plaintiff budgetary funds, removed Plaintiff from committees, and intentionally sought to cause Plaintiff emotional distress.

**ANSWER: ADVOCATE denies the allegations contained in paragraph 22.**

23.     In response to the harassment and adverse employment action suffered Plaintiff made several complaints to Defendant, yet no corrective action was taken, in fact, the harassment/retaliation worsened.

**ANSWER: ADVOCATE denies the allegations contained in paragraph 23.**

24.     In February 2007, Noonan placed Plaintiff on a Performance Deficiency Plan for a 90 day period. This was completely without legitimate basis.

**ANSWER:     ADVOCATE admits that plaintiff was placed on a Performance Deficiency Plan, but denies all remaining allegations contained in paragraph 24.**

25.     The taking of intermittent FMLA was subsequently used as a negative factor by Defendant in placing Plaintiff on Performance Deficiency and creating a hostile environment that led to Plaintiff's ouster.

**ANSWER: ADVOCATE denies the allegations contained in paragraph 25.**

26.     Defendant's proffered reasons for placing Plaintiff on said performance deficiency are false and pretextual.

**ANSWER:  ADVOCATE denies the allegations contained in paragraph 26.**

27.     Defendant's placing of Plaintiff on Deficiency Plan was because of her age, handicap, disability, perceived disability and/or use of her protected rights under the FMLA.

**ANSWER:  ADVOCATE denies the allegations contained in paragraph 27.**

28.     The harassment of the Plaintiff was a result not only of her disability, gender, and age, but also because of her opposition to practices made unlawful by the FMLA, ADA, Title VII, and the ADEA.

**ANSWER:  ADVOCATE denies the allegations contained in paragraph 28.**

29.     By March 2, 2007, Defendant's severe and pervasive harassment of Plaintiff had become so intolerable, that no reasonable minded person could have continued to work effectively within such an environment. As a consequence thereof, Plaintiff had no other alternative but to resign her employment with Defendant.

**ANSWER:  ADVOCATE denies the allegations contained in paragraph 29.**

30.     Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC), received a Notice of Right to Sue, initiated this action within 90 days of receipt of said Notice of Right to Sue and has satisfied all administrative prerequisites to filing this suit.

**ANSWER:  ADVOCATE denies the allegations contained in paragraph 30.**

**COUNT I - VIOLATION OF FMLA - INTERFERENCE WITH RIGHTS**

1-30.   Plaintiff re-alleges paragraphs 1-30 as though fully asserted herein.

**ANSWER:     Plaintiff reasserts its answers to paragraphs 1-30 as though fully set forth herein.**

31.     Plaintiff had worked for Defendant more than 1250 hours within the twelve month period preceding her request for FMLA protected leave.

**ANSWER:     Upon information and belief, ADVOCATE admits the allegations contained in paragraph 31.**

32.     Plaintiff had provided notice to Defendants regarding her need for intermittent FMLA leave so as to care for her serious health condition.

**ANSWER:**     ADVOCATE admits that plaintiff provided a request for intermittent FMLA leave for her own alleged serious health condition.  ADVOCATE denies all remaining allegations contained in paragraph 32.

33.    Defendants intentionally interfered with and burdened Plaintiff in the exercise of her substantive statutory rights as an eligible employee under 29 U.S.C. § 2615(a)(1) by ascribing discipline to her for taking FMLA leave.

**ANSWER:  ADVOCATE denies the allegations contained in paragraph 33.**

34.    Plaintiff was entitled to FMLA leave and Defendants unlawfully interfered with Plaintiffs exercise of said entitlement.

**ANSWER:  ADVOCATE denies the allegations contained in paragraph 34.**

35.    As a result of Defendants discriminatory actions Plaintiff has suffered harm and injury, damage to her good reputation, extreme mental anguish, physical injury, painful embarrassment among his [sic] friends and co-workers, disruption of her personal life, financial injury, lost benefits, lost wages and the loss of enjoyment of the ordinary pleasures of everyday life.

**ANSWER:  ADVOCATE denies the allegations contained in paragraph 35.**

WHEREFORE, ADVOCATE respectfully requests that judgment be entered in its favor and against the Plaintiff, for its costs associated with this action and for any other relief that the Court deems appropriate.

## COUNT II - VIOLATION OF FMLA – RETALIATION

1-35.   Plaintiff re-alleges paragraphs 1-35 as though fully asserted herein.

**ANSWER:     ADVOCATE reasserts its answers to paragraphs 1-35 as thought fully set forth herein.**

36.    Defendant applied FMLA time-off taken by Plaintiff, as a negative factor against her.

**ANSWER:  ADVOCATE denies that allegations contained in paragraph 36.**

37.    Plaintiff was placed on Deficiency Plan and constructively discharged as a [sic] because she availed herself of her rights under the FMLA.

**ANSWER:  ADVOCATE denies the allegations contained in paragraph 37.**

38.    There exists a causal link between Plaintiff availing herself of FMLA rights and the negative job actions suffered.

**ANSWER:  ADVOCATE denies the allegations contained in paragraph 38.**

39.    Said discriminatory and unlawful termination is in direct violation of FMLA 29 U.S.C. § 2615(a)(2).

**ANSWER:  ADVOCATE denies the allegations contained in paragraph 39.**

40.    As a result of Defendant's actions Plaintiff has suffered harm and injury, damage to her good reputation, extreme mental anguish, physical injury and suffering, painful embarrassment among her friends and co-workers, disruption of her personal life, financial injury, lost benefits, lost wages and the loss of enjoyment of the ordinary pleasures of everyday life.

**ANSWER:  ADVOCATE denies the allegations contained in paragraph 40.**

WHEREFORE, ADVOCATE respectfully requests that judgment be entered in its favor

and against the Plaintiff, for its costs associated with this action and for any other relief that the

Court deems appropriate.

## COUNT III - VIOLATION ADA

1-40.    Plaintiff repeats and re-alleges paragraphs 1-40 above as though fully set forth herein.

**ANSWER:    ADVOCATE makes no answer to the allegations contained in Count III, as it is subject to a motion to dismiss.**

41.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of 42 U.S.C. Section 12111(4) and a qualified individual with the disability (to wit, spinal nerve damage) who was able to perform the essential functions of her position with Defendant, with or without reasonable accommodation.

**ANSWER:    ADVOCATE makes no answer to the allegations contained in Count III, as it is subject to a motion to dismiss.**

42.    On or about February 2007, Defendant engaged in unlawful employment practices in violation of ADA Sections 102(a), 102(b)(l), 102(b)(5)(A), 102(b)(5)(B) and 503(a), 42 U.S.C. Sections 12112(a), 121l2(b)(1), 12112(b)(5)(A), 12112(b)(5)(B) and 102203(a) because it refused to make reasonable accommodations to the known disability of the Plaintiff, and forced the Plaintiff from her position of employment after such refusal to, and because of the need to, make reasonable accommodation to her known disability, and/or Plaintiff was able to perform the duties of his job without the need for accommodation, but Defendant discriminated against her in the terms and conditions of her employment due to her disability.

**ANSWER:**     **ADVOCATE makes no answer to the allegations contained in Count III, as it is subject to a motion to dismiss.**

43.     Plaintiff has satisfied all of the procedural administrative requirements as established by Section 706 of Title VII of the Civil Rights Act of 1964 as adopted by the terms of 42 U.S.C. Section 12117(a) in that she timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission, and was thereafter given a Notice of Right to Sue by the same. This Complaint and Jury Demand is filed within ninety days of receipt of said notice of Right to Sue.

**ANSWER:**     **ADVOCATE makes no answer to the allegations contained in Count III, as it is subject to a motion to dismiss.**

44.     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability or perceived disability.

**ANSWER:**     **ADVOCATE makes no answer to the allegations contained in Count III, as it is subject to a motion to dismiss.**

45.     The unlawful employment practices complained of above were and are intentional.

**ANSWER:**     **ADVOCATE makes no answer to the allegations contained in Count III, as it is subject to a motion to dismiss.**

46.     By the conduct described above, Defendant has engaged in unlawful employment practices and discriminated and retaliated against Plaintiff on account of her known disability and exercise of her rights protected by the ADA in violation of 42 U.S.C. Sections 12112(a), 12112(b)(1), 12112(b)(5)(A), 12112(b)(5)(B) and 12112(d)(1).

**ANSWER:**     **ADVOCATE makes no answer to the allegations contained in Count III, as it is subject to a motion to dismiss.**

47.     Plaintiff has been damaged by Defendant's actions, and is entitled to relief as set forth in his Prayer for Relief.

**ANSWER:**     **ADVOCATE makes no answer to the allegations contained in Count III, as it is subject to a motion to dismiss.**

## COUNT IV - CONSTRUCTIVE DISCHARGE

1-47.     Plaintiff repeats and re-alleges Paragraphs 1 through 47 of this Complaint as paragraphs 1 through 47 of Count IV, as though fully set forth herein.

> **ANSWER:**    **ADVOCATE reasserts its answers to paragraph 1-40 as though fully set forth herein.  ADVOCATE has made no answers to allegations 41-47 as Count  III is subject to a motion to dismiss.**

48.    Plaintiff verbally complained to Defendant through its agents and employees that the above-mentioned conduct was harassing and discriminatory. Yet, Defendant's unlawful conduct continued and actually increased in intensity.

> **ANSWER:  ADVOCATE denies the allegations contained in paragraph 48.**

49.    As a result of the foregoing actions, Plaintiff was forced to leave her job and was thus constructively discharged.

> **ANSWER:  ADVOCATE denies the allegations contained in paragraph 49.**

50.    Plaintiff has suffered and will continue to suffer irreparable injury caused by the defendant's illegal conduct.

> **ANSWER:  ADVOCATE denies the allegations contained in paragraph 50.**

51.    The defendant's actions were willful and malicious and constituted a reckless indifference to Plaintiff's rights.

> **ANSWER:  ADVOCATE denies the allegations contained in paragraph 51.**

52.    As a result of the acts complained of herein, Plaintiff has suffered and will continue to suffer the effects of unlawful discrimination, extreme emotional distress and mental anguish, loss of career opportunities, loss of a job, damage to her reputation and professional development, financial loss, physical harm and loss of the enjoyment of everyday life.

> **ANSWER:  ADVOCATE denies the allegations contained in paragraph 52.**

53.    The conduct of the defendants constitutes unlawful employment discrimination on the basis of disability and constitutes a violation of the Plaintiff's rights pursuant to the ADA and the defendant is liable to the Plaintiff for civil relief and other damages for the violation of Plaintiff's rights.

> **ANSWER:  ADVOCATE denies the allegations contained in paragraph 53.**

WHEREFORE, ADVOCATE respectfully requests that judgment be entered in its favor and against the Plaintiff, for its costs associated with this action and for any other relief that the Court deems appropriate.

## COUNT V – RETALIATION § 1981

1-53.    Plaintiff repeats and re-alleges Paragraphs 1 through 53 of this Complaint as paragraphs 1 through 53 of Count V, as though fully set forth herein.

**ANSWER:**    **Advocate repeats and reasserts it answers to paragraphs 1 through 53 of this Corrected First Amended Complaint as its answers to paragraphs 1 through 53 of Count V as though fully set forth herein.**

54.    Plaintiff is Caucasian but sought to vindicate the rights of black employees of the Defendant.

**ANSWER:**    **Advocate admits that Plaintiff is Caucasian, but denies the remaining allegations contained in paragraph 54.**

55.    Plaintiff received good evaluations and was meeting the legitimate work expectations of the Defendant.

**ANSWER:**    **Advocate denies the allegations contained in paragraph 55.**

56.    Defendant at this facility has a central Human Resource Department which is charged with accepting and investigating complaints of discrimination.  Further, this central Human Resources department interacts with all departments within this facility regarding discipline, EEO compliance issues and employee complaints.

**ANSWER:**    **Advocate admits it has a Human Resource Department that is involved in accepting and investigating complaints of discrimination. Advocate denies the  remaining allegations contained in paragraph 56.**

57.    Defendant has engaged in a pattern and practice of discriminating against black employees.

**ANSWER:**    **Advocate denies the allegations contained in paragraph 57.**

58.    Defendants have discriminated against black employees as follows:

a.    black employees are more harshly or disproportionally disciplined that white employees for the same or similar offense(s);

b.    Black employees are targets for termination, by white supervisory personnel of the Defendant, and are terminated to a greater degree than white employees;

c.    Black employees are not paid at a level equal to white employees, inclusive of females, for performing equal work;

d.      Black employees are subjected to racially offensive language and graffiti in the workplace;

e.      White employees were allowed to retain their positions even after they have legitimately exhausted their FMLA leave;

f.      Defendant has concocted and/or destroyed evidence related to black employee discipline and punished or threatened those who did;

g.      Defendant has failed to follow its own policies and procedure in an effort to oust black employees.

**ANSWER:**      **Advocate denies the allegations contained in paragraph 58 including subparagraphs (a) through (g).**

59.      Defendant falsified and back-dated white employees FMLA records so as to justify their disparate treatment as compared to black employees.

**ANSWER:**      **Advocate denies the allegations contained in paragraph 59.**

60.      Defendant failed to properly document/record employees FMLA leave.

**ANSWER:**      **Advocate denies the allegations contained in paragraph 60.**

61.      Black employees are referred to by white supervisory personnel/agents as "nigger", "black monkeys," and black gorillas."

**ANSWER:**      **Advocate denies the allegations contained in paragraph 61.**

62.      Defendant was aware of this disparate treatment and failed to take corrective action.

**ANSWER:**      **Advocate denies the allegations contained in paragraph 62.**

63.      Plaintiff was targeted for harassment because she complained of unequal, discriminatory and retaliatory actions suffered by black employees at this facility.  Including but not limited black employees Maxine Wilcox and Delia (Daily) Adiamo (phonetic).

**ANSWER:**      **Advocate denies the allegations contained in paragraph 63.**

64.      Plaintiff complained to Melinda Noonan – Human Resources.

**ANSWER:**      **Advocate denies the allegations contained in paragraph 64.**

65.      Plaintiff was subsequently targeted for false accusations because of her complaints.

**ANSWER:    Advocate denies the allegations contained in paragraph 65.**

66.    Plaintiff was told that if she did not go along with discriminatory treatment of the black employees she would have her staff fired out from under her and her position eliminated. Plaintiff objected stating that it would be discrimination to fire the above-referenced employees for the infraction alleged when white employees were not.

**ANSWER:    Advocate denies the allegations contained in paragraph 66.**

67.    Plaintiff suffered the above discrimination and harassment at the hands of the Defendants, its supervisors and/or agents because she sought to vindicate and protect the rights of black employees at this facility.

**ANSWER:    Advocate denies the allegations contained in paragraph 67.**

68.    Plaintiff informed and complained to the Defendant of these actions yet no corrective action was taken.

**ANSWER:    Advocate denies the allegations contained in paragraph 68.**

69.    Because Plaintiff complained of race discrimination and retaliation in the workplace – she was forced from her job of many years.

**ANSWER:    Advocate denies the allegations contained in paragraph 69.**

70.    Plaintiff was terminated by AHHC because of her complaints.  Defendant's human resource department actually participated in the discrimination, retaliation, did not want to know about such complaints and often refused to accept them from black employees.

**ANSWER:    Advocate denies the allegations contained in paragraph 70.**

71.    Defendant's actions have caused Plaintiff to suffer harm and injury to her good reputation, physical harm, extreme mental anguish.  Painful embarrassment among her friends and co-workers, disruption of her personal life, lost wages, income, benefits, opportunity for advancement and the loss and enjoyment of the ordinary pleasures of everyday life.

**ANSWER:    Advocate denies the allegations contained in paragraph 71.**

WHEREFORE, ADVOCATE respectfully requests that judgment be entered in its favor and against the Plaintiff, for its costs associated with this action and for any other relief that the Court deems appropriate.

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION, by and through its attorneys, Jill A. Cheskes, Lawrence R. Smith and Sara M. Stertz of SmithAmundsen LLC, and as and for its Affirmative Defenses to Plaintiff's Corrected First Amended Complaint states as follows:

1.      Plaintiff's Corrected First Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2.      Advocate had, at all relevant times, policies and procedures by which an employee can complain if she believes she has been the victim of discrimination, harassment and/or retaliation.  Further Advocate provides other opportunities to prevent or correct any such conduct.  To the extent that Plaintiff failed to take advantage of these policies, procedures and opportunities, Plaintiff's claims are barred.

3.      At all relevant times, Advocate exercised reasonable care to prevent and correct promptly any alleged unlawful conduct and to the extent that Plaintiff unreasonably failed to take advantage of any preventive or corrective measures, or to avoid harm otherwise, her claims are barred.

4.      Plaintiff has failed to mitigate her damages, if any, be seeking and securing comparable employment.

5.      Plaintiff is not entitled to a jury trial on all of her stated claims.

6.      All actions taken by ADVOCATE were for legitimate non-retaliatory and non-discriminatory reasons.

WHEREFORE, ADVOCATE respectfully requests that judgment be entered in its favor and against the Plaintiff, for its costs associated with this action and for any other relief that the Court deems appropriate.

Respectfully submitted,
SMITHAMUNDSEN LLC

By:  /s/   Jill A. Cheskes_____
One of the Attorneys for Advocate

Jill A. Cheskes
Lawrence R. Smith
Sara M. Stertz
SmithAmundsen LLC
150 N. Michigan Avenue – Suite 3300
Chicago, IL  60601
(312) 894-3200