IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH J. GASPARI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 549 |
| | ) | |
| ADVOCATE HEALTH AND HOSPITALS | ) | Judge Kendall |
| CORPORATION, | ) | Magistrate Judge Valdez |
| | ) | |
| Defendant. | ) | |

**MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER**

NOW COMES Defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION, (hereinafter referred to as "Advocate") by and through its attorney, Jill A. Cheskes of SmithAmundsen LLC, and as and for its Motion for Entry of an Agreed Protective Order, states as follows:

1. This matter arises out of an employment dispute in which the Plaintiff alleges that her rights under the Family Medical Act and Americans with Disabilities Act were violated, she was constructively discharged, and she was retaliated for asserting rights under Section 42 U.S.C. § 1981.

2. At all relevant times, Plaintiff worked as the Manager of Clinical Operations at Advocate generally supervising a group of nurses.

3. In light of the nature of the allegations made and that this is an employment matter, it is anticipate that personnel files and/or personnel documents of third parties will be at issue. Additionally, in light of the fact that the Defendant is a hospital and Plaintiff worked in a clinically related position, it is possible that information about third-party patients or related to third-party patients might be involved. Certainly, health information or identifying information

of third parties is protected under a variety of sources including the physician-patient privilege, HIPAA, the Illinois Patient's Right to Privacy Act, among others. Additionally, the Illinois Personnel Records Review Act limits the disclosure of certain personnel information.

4. Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any matter, not privileged that is relevant to the claim or defense of any party." However, Rule 26(c) provides that upon good cause shown, the Court may issue a protective order to shield a party from producing any annoying, embarrassing, oppressing or unduly burdensome discovery.

5. Courts have long found that certain information contained within the personnel files of third-party employees is protectable pursuant to a protective order. *Ezel v. Potter*, 2006 U.S. Dist. Lexis 36929, *5 - *7, (N.D.Ind. 2006)(Attached hereto as Exhibit B); *Smith v. City of Chicago*, 2005 U.S. Dist. Lexis 26454, *6 - *7, (N.D.Ill. 2005)(Attached hereto as Exhibit C); additionally *Knoll v. AT&T*, 176 F.3d 359, 365 (6th Cir. 1999). While entire personnel files of third parties are certainly not privileged, there is information that is generally considered to be protected contained within the personnel files including unlisted addresses and telephone numbers, marital status, social security number, wage information, medical and health insurance information, criminal history, credit information, and work problems unrelated to a plaintiff's claim. *Ezel* at *6-*7; *Smith* at *6-*7; *Knoll* at 365.

6. In light of the confidential and protected information contained in personnel files and the harm that could result to the non-party employee should the information be released, the parties have agreed to produce the documents subject to a protective order.

7. The protective order has been agreed to by both parties and is attached hereto as Exhibit "A".

8. The law affords greater protection to non-party information than it does to parties.

2

*Ezell v. Potter*, supra at *6.  The law also recognizes that the need to keep such information such as social security, address, telephone numbers, medical information, salary information, as confidential.  *See* *McGee v. City of Chicago,* 2005 U.S.Dist.LEXIS 30925, *7 - *8, (N.D.Ill. 2005)(Attached hereto as Exhibit D); *Ezel v. Potter*, supra at *6.  Given the above cited law, the documents here fall under the class of protected documents pursuant to Rule 26(c)(7).

9. Good cause also exists pursuant to Rule 26(c)(7) in the present matter.  In determining whether good cause exists, the court must balance the parties' interest in keeping certain information confidential against the public's right to inspect documents filed in a court proceeding.  *Smith v. City of Chicago*, supra at *4 - *5.  The Seventh Circuit has concluded that a court is not required to determine good cause on a "document by document basis" if the parties are acting in good faith including which parts of the records should be kept confidential.  *Citizen's National Bank of Princeton v. Cincinnati Insurance Company*, 178 F.3d 943, 946 (7th Cir. 1999).  As such, courts have permitted "protective orders which permit parties to protect selected documents they believe in good faith contain trade secrets or other confidential information.

10. Good cause exists because the parties have in good faith determined what documents should be kept confidential.  Moreover, the public has no interest in finding the private and confidential information of third party employees or patient information and the parties have a substantial interest in keeping such information confidential.  The parties have agreed to the protective order as attached hereto as Exhibit "A".

WHEREFORE, Defendant, ADVOCATE HEALTH & HOSPITALS CORPORATION, respectfully requests that the Court enter the protective order attached as Exhibit "A".

                Respectfully submitted,

By:    /s/ Jill A. Cheskes
        Attorney for Defendant
        SmithAmundsen LLC
        150 N. Michigan Avenue, Suite 3300
        Chicago, Illinois 60601
        (312) 894-3200