# EXHIBIT A

Our File No. 3006547

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH J. GASPARI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 549 |
| | ) | |
| ADVOCATE HEALTH AND HOSPITALS | ) | Judge Kendall |
| CORPORATION, | ) | Magistrate Judge Valdez |
| | ) | |
| Defendant. | ) | |

## **PROPOSED PROTECTIVE ORDER**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Parties hereby stipulate and agree that documents and information produced in this action by Plaintiff Deborah J. Gaspari and Defendant Advocate Health and Hospitals Corporation shall be subject to the following terms and conditions of this Stipulated Protective Order ("Order"):

1.     Plaintiff and Defendants may designate documents for which protective status is claimed by stamping or labeling such documents "Confidential" on the first page of each document or by any other reasonable means of giving notice of that Party's intent to claim protected status for the document. Documents are to be designated confidential only if they contain nonpublic confidential personnel, medical, or financial information. Specifically, the Parties intend that documents may be designated as confidential that contain information that (i) reveals medical information concerning Plaintiff, members of Plaintiffs family, an employee or patient of Defendant; (ii) reveals an employee's social security number, personnel information, salary information, or other such information that a reasonable person would regard as private along with the employee's name or other means of identifying the

employee; or (iii) reveals financial information of a Party or employee of a Party. All documents and information produced in this action by Plaintiff or Defendants and designated as confidential shall be subject to the provisions of this Order. Upon the designation of any document as confidential, all copies of such document then or at anytime thereafter in the possession or control of any Party to this Order, from whatever source received, shall be subject to the provisions of this Order.

2. Documents and information designated confidential in accordance with this Order shall be used solely for the purpose of this action or appeal, and, unless the Court rules otherwise, such documents or information shall not be disclosed to any person other than (a) counsel of record to any Party to this Order; (b) the clerical, paralegal staff, or other support staff of such counsel to this action employed during the preparation for and trial of this action; (c) the Parties to this Order and the principals, officers, agents and employees of a Party; (d) persons retained by either Party to this Order to furnish expert services or advice or to give expert testimony in this action (and their employees); (e) deponents and court reporters in this action; (f) the Court, Court personnel and jurors; and (g) potential witnesses or consultants. Confidential documents or information disclosed to any such person shall not be disclosed by him/her to any other person not included within the foregoing subparagraphs (a) through (g) of this paragraph. No such documents or information designated as confidential pursuant to this Order shall be used for any purpose other than for the preparation, trial, appeal and/or settlement of this action.

3. The parties shall agree at a later date upon a reasonable procedure to be followed at trial with respect to confidential information. This Order applies only to pretrial discovery and matters.

4.       Any person who is to obtain access to confidential documents or information pursuant to paragraph 2, except for Court personnel, shall prior to receipt of such confidential documents or information, be informed by the Party providing access to such confidential documents or information of the terms of this Order and must agree to keep confidential documents or information confidential.

5.       If counsel for a Party herein shall hereafter desire to make confidential documents or information available to any person other than those referred to in paragraph 2 above, such counsel shall designate the material involved, identify the person to whom he/she wishes to make disclosure and inform counsel for the Party that designated the document confidential of their desire to make the disclosure. If counsel is subsequently unable to agree on the terms and conditions of disclosure to persons not enumerated in paragraph 2, disclosure may be made only on such terms as the Court may order.

6.       If a Party objects to the designation of any document or information as confidential, counsel for the objecting Party shall notify all counsel of record of the objection. If disputes regarding the objection cannot be resolved by agreement, counsel may move this Court for an order denying confidential treatment to the documents or information in question. If such a motion is filed, the document or information shall be kept confidential pending ruling on the motion.

7.       Pursuant to Local Rule 26.2(g), when the case is closed, the clerk shall maintain the documents as restricted documents for a period of 63 days following the final disposition including appeals.  Except where the court in response to a request of a party made pursuant to this section or on its own motion orders otherwise, at the end of the 63 day period, the clerk shall return the restricted documents in the sealed enclosure to the attorney

or party who or which filed it.

8. Upon written request from the producing party, within 21 days after final termination of this action, including any appeals, all documents or information or extracts thereof and non-privileged notes made therefrom, shall be returned to counsel for the Party that produced the documents.

9. Nothing contained in this Order, nor any action taken in compliance with it, shall (a) operate as an admission or assertion by any witness or person or entity producing documents that any particular document or information is, or is not, confidential or (b) prejudice in any way the right of any Party to seek a Court determination of whether or not it should remain confidential and subject to the terms of this Order. Any Party to this Order may request the Court to grant relief from any provision of this Order.

10. Nothing herein constitutes or may be interpreted as a waiver by any Party of the attorney-client privilege, attorney work product protection, or any other privilege.

11. This Order does not limit the right of any Party to object to the scope of discovery in the above-captioned action. Nor does it constitute a determination of the admissibility or evidentiary foundation for the documents or a waiver of any Party's objections thereto.

12. It is recognized by the Parties to this Order that, due to the exigencies of providing numerous documents and the taking of testimony, certain documents or testimony may be designated erroneously as confidential, or documents or information that are entitled to confidential treatment may erroneously not be designated as confidential. The Parties to this Order may correct their confidentiality designations, or lack thereof, and shall, at their own expense, furnish to all counsel copies of the documents for which there is a change in designation.

13.     Nothing in this Order shall be construed to prevent a party or non-party from seeking such further provisions regarding confidentiality as may be appropriate, including but not limited to challenging the designation of any document as Confidential.

14.     If Confidential Information is submitted as an exhibit to or incorporated in a pleading or brief filed with the court, a copy of the pleading or brief with the Confidential Information redacted shall be filed with the Clerk of the Court, and the original pleading or brief without redaction shall be filed under seal.  Pursuant to Local Rule 26.2(3), the docket entry for the original pleading or brief shall show only that a confidential document was filed without any notation indicating its nature.

15.     If a party desires to file any confidential information of any other party with the Court in this matter in connection with a dispositive motion or any trial of this matter, it shall do so only upon motion, filed and noticed for hearing prior to the due date of the particular filing, showing good cause for sealing a portion of the record in the case.

Agreed to by:


| | |
|---|---|
| /s/ Charles Siedlecki | /s/ Jill A. Cheskes |
| Charles Siedlecki | Jill A. Cheskes |
| Attorney for Plaintiff | Attorney for Defendants |
| 10540 S. Western Avenue, Suite 405 | 150 N. Michigan Avenue, Suite 3300 |
| Chicago, IL 60643 | Chicago, IL 60601 |
| (773) 881-2535 | (312) 894-3200 |