# EXHIBIT C

Case 1:08-cv-00549  Document 29-4  Filed 08/19/2008  Page 1 of 4

Page 1

LEXSEE 2005 U.S. DIST. LEXIS 26454

**DAVID SMITH, Plaintiff, v. THE CITY OF CHICAGO, Defendant.**

Case No. 04 C 2710

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**2005 U.S. Dist. LEXIS 26454**

**October 31, 2005, Decided
October 31, 2005, Filed**

**COUNSEL:** [*1] For David E Smith, Plaintiff, Pro se, Chicago, IL; Catherine Ward Bremer, Catherine W. Bremer, Attorney at Law, Chicago, IL.

For City of Chicago Department of Water, Defendant: Naomi Ann Avendano, Mara Stacy Georges, Meera Werth, Melanie Patrick Neely, City of Chicago, Law Department, Corporation Counsel, Chicago, IL.

**JUDGES:** Magistrate Judge Nan R. Nolan.

**OPINION BY:** Nan R. Nolan

**OPINION**

*MEMORANDUM OPINION AND ORDER*

This racial harassment, racial discrimination, age discrimination, and retaliation case is before the Court on Defendant City of Chicago's Agreed Motion for Entry of a Protective Order. For the reasons that follow, Defendant's Agreed Motion for Entry of a Protective Order is denied without prejudice to resubmission in a form complying with this order.

*DISCUSSION*

Defendants' proposed Protective Order seeks to limit from public disclosure "personnel, payroll, and overtime records and/or reports, of current and former City employees produced or disclosed in discovery." Defendants also seek to classify "portions of deposition testimony of individuals about such personnel and payroll records, including social security numbers, salaries and rates of pay, home addresses [*2] and telephone numbers of individuals who are not parties to this litigation" as "Confidential Material" under the Protective Order.

Although pretrial discovery is usually conducted in private, "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 944-45 (7th Cir. 1999). In order to protect the legitimate privacy interests of litigants and non-parties, Federal Rule of Civil Procedure 26(c) allows a court to enter a protective order for good cause shown. The Seventh Circuit has made clear that a trial judge must make an independent determination of good cause prior to issuing a protective order, even if the parties submit an agreed protective order. "The judge is the primary representative of the public interest in the judicial process" and has an independent duty to balance the public's interest against the "property and privacy interests of the litigants." *Id.* at 945. A court need not determine good cause on a document-by-document basis. *Id.* at 946. [*3] Rather, a court may authorize the parties to restrict public access to properly demarcated categories of legitimately confidential information if the judge (1) satisfies herself that the parties know what the legitimate categories of protectable information are and are acting in good faith in deciding which parts of the record qualify for protection and (2) makes explicit that either party and any interested member of the public can challenge the designation of particular documents. *Id.*

Federal Rule of Civil Procedure 26(c) governs the issuance of protective orders. Rule 26(c) provides that "for good cause shown, the court . . . may make any order which justice requires to protect a party . . . from annoyance [and] embarrassment . . . ." *See also Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 35 n.21, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984) (recognizing that although Rule 26(c) does not contain a specific reference to privacy, it is "implicit in the broad purpose and language of the Rule."). The relevancy of the information to the liti-

gation should be considered in making the good cause determination. Information important to the litigation is less likely [*4] to be subject to confidentiality restrictions. *See Baxter International, Inc. v. Abbott Laboratories,* 297 F.3d 544, 546 (7th Cir. 2002). (stating "very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed."). The Seventh Circuit has explained: "Many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these things are vital to claims made in litigation they must be revealed." *Id.* at 547; *see also Union Oil v. Leavell,* 220 F.3d 562, 567 (7th Cir. 2000) (recognizing that an executive's salary would not be entitled to confidential treatment "if a dispute erupted about payment (or termination).").

Courts have recognized that non-parties have valid privacy concerns regarding public disclosure of their personnel information. *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 365 (6th Cir. 1999) (stating that "it is clear that [the employer] defendants had a valid interest in the privacy of nonparty personnel files. . . ."); *Gehring v. Case Corp.,* 43 F.3d 340, 342 (7th Cir. 1994) [*5] (stating disclosure of non-party employees' personnel files "would invade the privacy of other employees."). On the other hand, "there may well be information in a typical personnel file . . . which is not sensitive and does not implicate legitimate privacy interests, e.g. an employee's job title, job description, hiring date, assigned work location." *Vearling v. Bensalem Township School Dist.,* 1996 U.S. Dist. LEXIS 3171, 1996 WL 119984, *1 (E.D. Pa. March 18, 1996). It is also clear that what happens in the federal courts "is presumptively open to public scrutiny." *Krynicki v. Lopachich,* 983 F.2d 74, 75 (7th Cir. 1992). "Judges deliberate in private but issue public decisions after public arguments based on public records . . . . Any step that withdraws an element of the judicial process from public view makes the ensuring decision look more like fiat; this requires rigorous justification." *Id.* Admittedly, there is a stronger argument for public access to dispositive documents, but the public's right of access to court proceedings and documents applies to discovery materials used in pretrial, nondispositive motions as well. *Citizens,* 178 F.3d at 945 (stating [*6] that the public has "an interest in what goes on at all stages of a judicial proceedings."); *Baxter,* 297 F.3d at 546.

Having said all of this and in an effort to balance the privacy interests of non-parties with the public right of access to court proceedings and documents, the Court orders the following. Good cause exists to enter a protective order prohibiting public disclosure of social security numbers, salaries and rates of pay, home addresses and telephone numbers of current and former City employees, and portions of payroll records which do not include overtime/supplemental pay information because such information is irrelevant and public disclosure may cause unnecessary annoyance or embarrassment and would unfairly and gratuitously invade the privacy of current and former City employees. *Knoll,* 176 F.3d at 365 (affirming protective order providing for disclosure of personnel files on an attorneys' eyes only basis because personnel files might contain "highly personal information such as an individual's unlisted address and telephone number, marital status, wage information, medical background, credit history (such as requests for garnishment [*7] of wages) and other work-related problems unrelated to plaintiff's claims). There may be other categories of irrelevant and private information contained in the personnel files but Defendants have failed to provide a specific description of such individual documents or categories of documents.

The overtime records/reports and any payroll records which include overtime/supplemental pay information are a different issue because they are relevant to the subject matter of this lawsuit. Smith alleges that he was denied the opportunity to earn overtime pay and supplemental pay because of his race and age. Because overtime/supplemental pay information is central to Smith's allegations, disclosure of the substance of such information is important to the public's review of the case and will be handled as follows. If non-parties' overtime/supplemental pay information is part of any non-dispositive pleading, the substance of this information is subject to public disclosure in court filings and pleadings.[1] *See Plair v. E.J. Brach & Sons, Inc.,* 1996 U.S. Dist. LEXIS 1728, 1996 WL 67975, at *5 (N.D. Ill. Feb. 15, 1996). If information relating to overtime/supplemental pay forms the basis of any non-dispositive [*8] decisions, the substance of the information will similarly be publicly available. *Id.* If the actual documents need to be filed with the court, non-parties' names and identifying factors shall be redacted. The identities of non-parties can be protected by referencing them by code number rather than name in any court filing or pleading. *Id.* A coded list of non-parties by name may be filed under seal. *Id.*

> 1   If this case proceeds to a dispositive motion/trial stage, the district court will determine at that time whether any of the protected information should become a part of the public record.

Paragraph 4 of the proposed Protective Order seeks to limit disclosure of "Confidential Material" to specific persons listed therein. The Court notes that parties may properly agree amongst themselves to limit disclosure of unfiled discovery information to certain specified persons during the litigation and not to voluntarily dissemi-

nate such information to other persons. "Absent a protective order, parties to [*9] a law suit may disseminate materials obtained during discovery as they see fit." *Jepson, Inc. v. Makita Electric Works, Limited,* 30 F.3d 854, 858 (7th Cir. 1994). "In other words, if they do not see fit to disseminate discovery information, the parties need not do so." *Lead Counsel-Class Cases v. Bridgestone/Firestone Inc. (In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.),* 198 F.R.D. 654, 657 (S.D. Ind. 2001); *Baxter,* 297 F.3d at 545 (stating "secrecy is fine at the discovery stage, before the material enters the judicial record"). A confidentiality agreement amongst the parties regarding the categories of information they seek to protect would likely be adequate to address their concerns because only a small subset of all discovery is ever filed in the public court record or used during a court proceeding. There is no need for court approval or intervention regarding such an agreement. *See Taffinger v. Bethlehem Steel Corp.,* 2001 U.S. Dist. LEXIS 17051, 2001 WL 1287625, at *3 (E.D. Pa. Oct. 24, 2001) (noting that "the parties have the option of agreeing privately to keep information concerning the Defendant's personnel records confidential, and may enforce such an agreement in a separate contract action.").

A few [*10] final matters merit attention. The Court directs the parties to *Pepsico, Inc. v. Redmond,* 46 F.3d 29 (7th Cir. 1995) and *In the Matter of Grand Jury,* 983 F.2d 74 (7th Cir. 1992), which discuss the impropriety of filing entire pleadings or briefs under seal. The proposed Protective Order should be revised to indicate that the parties must file public pleadings and briefs but may file sealed supplements if necessary to discuss in detail materials subject to the protective order. Documents which contain both protectable and non-protectable information need only have the protectable portions of the documents redacted in order to maintain secrecy. *Citizens,* 178 F.3d at 945. The Protective Order should also be revised to indicate that an interested member of the public can challenge the secreting of particular documents pursuant to the protective order. *Citizens,* 178 F.3d at 946. Finally, the proposed Protective Order shall provide that Local Rule 26.2(e) governs the disposition of sealed documents maintained by the clerk following conclusion of the case.

**ENTER:**

**Nan R. Nolan**

    **United States Magistrate Judge**

  [*11] **Date: October 31, 2005**